**Elizabeth Campbell JORDAN et vir, Appellants,**

v.

**VIRGINIA MILITARY INSTITUTE et al., Appellees.**

No. 13055.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 12, 1956.

Alan F. Lippman, Brownsville, for appellants.

Cox, Wagner, Adams & Wilson, Brownsville, for appellees.

POPE, Justice.

Elizabeth Campbell Jordan filed suit in 1954 to contest the validity of General Samuel D. Rockenbach's will, which had been admitted to probate in 1952. Both the County and District Courts of Cameron County sustained the validity of the pro-

bate of the will. Appellant Elizabeth Campbell Jordan urges that the Rockenbach will was void in toto because it was an incomplete will and that she, as the sole heir, is entitled to his estate. We affirm the judgment of the district court.

In 1946 General Rockenbach, a widower, executed his will. In his will he provided: "I have given certain personal effects to my relatives and those of my deceased wife, Emma B. Rockenbach, whom I desired to remember. Attached to this instrument is a list of certain other effects, which are to be disposed of by my executor as is directed thereon." He followed that statement by a clause wherein he left "All of my other property, real, personal or mixed, * * * to the Virginia Military Institute, * * *." He provided in the will that his property would be used to establish scholarships. General Rockenbach executed his will before three attesting witnesses, and when he did so there was no list attached to the will, and he never did attach a list.

■ One who files suit under Article 5534, Vernon's Ann.Civ.St., to contest the validity of a will which has been admitted to probate, has the burden of proof in the action. Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326; Chalmers v. Gumm, 137 Tex. 467, 154 S.W. 2d 640. Appellant by her contest argued that the will was an incomplete will by reason of the missing list, that it was incomplete whether the list was originally omitted or later detached, and that the will showed on its face this incompleteness because the list was missing.

■ A document not in existence at the time of the execution of a will can not be incorporated into a will by reference. A clause attempting to do so is void. Brooker v. Brooker, 130 Tex. 27, 106 S.W. 2d 247. The clause in General Rockenbach's will which referred to a non-existent list of effects was void, but the void clause did not invalidate the entire will.

The general presumption is that the testator intended to dispose of all his property and not to die intestate as to any part of it. Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148; Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163. A void or lapsed legacy or bequest falls into the residuary clause to pass under the will in the absence of a contrary intent manifested in the will. Bittner v. Bittner, supra; Kuehn v. Bremer, Tex.Civ.App., 132 S.W.2d 295; Grant v. Stephens, Tex. Civ.App., 200 S.W. 893; Lightfoot v. Poindexter, Tex.Civ.App., 199 S.W. 1152; 57 Am.Jur., Wills, §§ 1446–1448; 44 Tex.Jur., Wills, §§ 241, 242.

■ It follows, therefore, that the clause which referred to the non-existent list was void, but the rest of the will was valid, by force of which the Rockenbach estate passed to Virginia Military Institute. The judgment is accordingly affirmed.