**Dana RIPLEY, Chief Appraiser, et al., Appellants,**

v.

**Charles M. STEPHENS, et ux., Appellees.**

No. 14242.

Court of Appeals of Texas, Austin.

Feb. 27, 1985.

Rehearing Denied March 20, 1985.

Brian E. Brown, Calame, Linebarger & Graham, Austin, for appellants.

William B. Ray, Copperas Cove, for appellees.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

GAMMAGE, Justice.

Dana Ripley, as Chief Appraiser of the Lampasas County Appraisal District, appeals from the trial court's judgment in favor of Charles M. Stephens, and his wife, Mary Stephens. We will reverse the judgment and render judgment in favor of Ripley.

It is undisputed that Charles Stephens owns, as his separate property, the house which he and Mary Stephens now claim as their marital homestead. They claimed the homestead exemption from school ad valorem taxes for persons over 65 years of age for the 1982 tax year on this residence.

It is also undisputed that on January 1, 1982, Charles Stephens was under the age of 65, and Mary Stephens was over the age of 65. Based upon Mary Stephens' age, the couple applied for the ad valorem tax exemption. The Appraisal Review Board, and Ripley, as Chief Appraiser, denied this application. The Stephens then sought review of this action in the trial court, which rendered a summary judgment that the Stephens were entitled to the exemption. It is from this judgment that Ripley appeals.

Texas Const. Ann. art. VIII, § 1–b (Supp. 1985) authorizes the Legislature to allow certain exemptions from ad valorem taxation within guidelines prescribed by the Legislature. That section provides, in pertinent part:

> The legislature by general law may exempt an amount not to exceed Ten Thousand Dollars ($10,000) of the market value of the residence homestead of a person who is disabled as defined in Subsection (b) of this section and of a person sixty-five (65) years of age or older from ad valorem taxation for general elementary and secondary public school purposes. The legislature by general law may base the amount of and condition eligibility for the additional exemption authorized by this subsection for disabled persons and for persons sixty-five (65) years of age or older on economic need .... *The legislature by general law may define residence homestead for purposes of this section.* (emphasis added).

Pursuant to this authorization, the Legislature enacted § 11.13, Tex.Tax Code Ann. (1982 and Supp.1985). Section 11.13 provides for a $10,000 exemption from school taxes on a residential homestead *owned* by any person age 65 years or older. Section 11.13(j)(4) defines "residential homestead" as a structure "that is occupied as his principal residence *by an owner who qualifies* for the exemption." (emphasis added).

Ripley contends that while the residence here involved may be classified as Mary Stephens' homestead for other constitutional purposes,[1] she is not the owner of the residence, and cannot therefore claim the exemption prescribed in § 11.13. We agree. The owner of the residence, Charles Stephens, does not qualify for the exemption for the 1982 tax year because he was not then 65 years of age. The Legislature is specifically authorized by art. VIII, § 1–b to prescribe by definition the residence homestead to which the benefit will be granted. The statute granting the exemption specifically restricts the benefit to the owner of the property.

Appellees clearly do not meet the statutory requirements for the exemption. We therefore reverse the trial court's judgment and render judgment in favor of appellants.

---

**1.** *E.g.*, exemption from forced sale and partition, under Tex.Const.Ann. art. 16, § 50, *et seq.*  (Supp.1985).