Laverne PINE a/k/a Laverne (West) Pine, Lois Elkins a/k/a Lois (West) Elkins, Mary Lynnette Cranford a/k/a Mary Lynnette (West) Cranford, Iris Tyndall a/k/a Iris (West) Tyndall, and Conway G. West, Appellants,

v.

John L. SALZER, Individually and as Administrator with Will Annexed of the Estate of Dorothy Lee Salzer, Deceased, Appellee.

No. 01–91–00707–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 6, 1992.

William T. Snypes, Houston, for appellants.

C. David Easterling, Houston, for appellee.

Before WILSON, SAM BASS and COHEN, JJ.

## OPINION

WILSON, Justice.

This appeal arises from a summary judgment granted in favor of appellee, John L. Salzer. The trial court's ruling determined as a matter of law that the will of Dorothy L. Salzer, deceased wife of John L. Salzer, bequeathed certain property to her husband to the exclusion of appellants, other named beneficiaries of decedent. We reverse and remand.

On September 7, 1988, Mrs. Salzer died testate, survived by her husband, John L. Salzer, appellee. On October 19, 1988,[1] Mrs. Salzer's will was admitted to probate without contest, and appellee was appointed as administrator.

In her will, Mrs. Salzer referred to certain specifically identified items of property as her "separate assets." She bequeathed the property thus self-categorized to appellants. However, the property identified by Mrs. Salzer as her "separate assets" was legally community property, as stipulated by all parties. Also in the will, Mrs. Salzer bequeathed "whatever community estate" she had to appellee. From these facts, the suit arose between the parties about who was entitled to the property that Mrs. Salzer had identified as her "separate assets."

Appellee filed a petition for declaratory judgment requesting the probate court to declare the disputed property legally his (given its community property status) because the will specified he was to receive "whatever community estate" Mrs. Salzer had. Appellee also filed with the court a motion for summary judgment making essentially the same arguments.

Appellants filed a cross-motion for summary judgment asking the court to award them Mrs. Salzer's one-half of the community property, referred to as "separate assets," that Mrs. Salzer had attempted to

bequeath to them. Neither party filed a response to the other's motion for summary judgment.

■ Appellants' sole point of error asserts the trial court erred in granting appellee's motion for summary judgment, and awarding, thereby, all of the disputed assets of the estate to appellee. There is no point of error asserting the trial court erred in not granting appellant's motion for summary judgment. Appellants raise only the improper granting of appellee's motion for summary judgment, but have not preserved error, if any, of the trial court in failing to grant their motion. Therefore, on a finding of reversible error, we cannot render judgment for appellants, but can only remand to the trial court for further proceedings. *Buckner Glass & Mirror v. T.A. Pritchard Co.*, 697 S.W.2d 712, 714 (Tex.App.—Corpus Christi 1985, no writ).

■ Appellee argues the merits of this case need not be reached because appellants failed to preserve error by not answering his motion for summary judgment in the trial court. When a party does not respond to a motion for summary judgment, he may only challenge the grounds for the summary judgment as insufficient *as a matter of law* on appeal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). We agree with appellants as to the narrow scope of the appeal before us, and consider only whether, "the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment." *Fisher v. Capp*, 597 S.W.2d 393, 397 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.).

■ Appellee's summary judgment motion before the trial court argued solely (relevant to the dispute before us) that decedent's attempted bequests to appellants of the disputed property were void. It stated:

> "The assets comprising the property in dispute were not the separate assets of decedent, as conceded by the defendants

1. The will was handwritten and was dated December 17, 1984.

(appellants). There were no separate assets of decedent as described in the will. Therefore, the clauses which referred to non-existent assets are void. *Jordan v. Virginia Military Institute*, 296 S.W.2d 952, 953 (Tex.Civ.App.—San Antonio 1956, no writ)."

In conclusion, appellee stated in his summary judgment, "The property in dispute, as described by decedent in her will, did not exist on the date of her death. The gifts of same are therefore void. Since the property in dispute was community property, it passes to plaintiff (appellee), as intended by the testatrix, pursuant to the clause devising all community property to him."

In the will attached to appellee's motion for summary judgment, we find the decedent made the following specific bequests:[2]

My separate assets are as follows:

(1) A checking account (NOW) at M/Bank, formerly Westbury National Bank, which I give, will and bequeath to my sister, Laverne (West) Pine.

(3) A savings account at Gibraltar Savings (Meyerland) which I give to my sister, Iris (West) Tyndall, of Mesquite, Texas.

(4) A savings account at University Savings, I give to my brother, Conway G. West, Vidor, Texas.

(5) My shares of Atlantic Richfield Company stock I give to my sister, Lois (West) Elkins.

(6) My Fundamental Investors stock I give, will and bequeath to my sister, Mary Lynette (West) Crawford of Milton, Florida.

(7) My Gulf States Utilities stock I give to my sister, Iris (West) Tyndall of Mesquite, Texas.

Following these specific bequests, the decedent left "whatever community estate" she had to appellee.

In reaching his decision, the trial judge implicitly found that decedent's attempts to make bequests to her sisters and brother were of no force and effect, and as a matter of law, should be ignored. We assume, given appellee's sole argument, that the trial court agreed that the bequests were void under the authority of *Jordan v. Virginia Military Institute*, 296 S.W.2d 952 (Tex.Civ.App.—San Antonio 1956, no writ).

In the *Jordan* case, decedent, General Samuel D. Rockenbach, provided in his will:

"I have given certain personal effects to my relatives...., whom I desire to remember. Attached to this instrument is a list of certain other effects, which are to be disposed of by my executor as is directed thereon."

Later in his will, the General stated:

"All of my other property.... to the Virginia Military Institute."

*Jordan* at 953.

The list was not attached to the will when the General executed it before witnesses, and he did not attach it later. The court found in resolving the challenge to the will by the General's sole heir that a document not in existence at the time of the will cannot be incorporated into a will by reference. The court further held that a clause attempting to do so, was void. *Jordan*, 296 S.W.2d at 953.[3]

■ We believe *Jordan* inapplicable to the situation before us. Because of the absence of the list, the General's intentions could not be determined, and the clause was ruled void. Here, the bequests of the decedent are specifically listed. Appellee was correct in asserting, based on the stipulation of the parties before the trial court, that no separate assets existed in the estate. However, it does not logically follow that the disputed assets were "non-existent," (as the General's list was) and therefore, the attempted bequests to appellants void. But for their existence and value in reality, there would be no lawsuit.

2. The will did not have an item numbered (2), but skipped from (1) to (3). A final specific item bequeathed is deleted as not relevant to the dispute.

3. We note the Jordan opinion continued, "A void or lapsed bequest falls into the residuary clause to pass under the will *in the absence of a contrary intent manifested in the will.*" (Emphasis added.)

■ Further, we cannot agree with appellee's argument before the trial court that decedent's self-classification of her property as "separate assets," made her attempted bequest void as a matter of law. We cannot say with certainty that "separate assets" means separate property as assumed by appellee. In the context of the facts before us, we hold the decedent's lay opinion as to the legal classification of her property, is not material to the issue of decedent's intent. TEX.R.CIV.EVID. 401. All provisions of a will must be looked to for the purpose of discovering the real intention of the testator, and if this can be ascertained from the language of the instrument, any particular paragraph which standing alone would indicate a different intention must yield to the intention manifested by the whole instrument. *Leopold v. Sochat*, 303 S.W.2d 840, 843 (Tex.App.—Fort Worth 1957, writ ref'd n.r.e.).

We hold appellee failed to establish his legal entitlement by summary judgment to the disputed assets as a matter of law, and reverse the judgment and remand the cause to the trial court.