George COPELAND, Appellant,

v.

TARRANT APPRAISAL DISTRICT
and Tarrant Appraisal Review
Board, Appellees.

No. 2–94–221–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 24, 1995.

Rehearing Overruled Oct. 5, 1995.

Susan Leigh Sanders, Arlington, for appellant.

Catherine Jane Alder, Fort Worth, for appellees.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Appellant George Copeland, plaintiff below, appeals a summary judgment in favor of the Tarrant Appraisal District and Tarrant Appraisal Review Board. In his sole point of error, appellant claims the trial court erred in granting appellees' Motion for Summary Judgment because appellant's surviving spouse life estate is a residence homestead entitled to the tax exemption set out in the Texas Constitution and the Texas Tax Code. We reverse the judgment of the trial court and remand to the trial court.

## BACKGROUND

On January 2, 1986, appellant married Ruby Estelle Mershon ("Mershon"), who owned the property located at 805 Perkins in Fort Worth, Texas. The couple remained married and maintained the property as their homestead until Mershon's death on November 5, 1990. In her will, Mershon left the property to her son, George Trewitt ("Trewitt"), but appellant retained a life estate in the property. *See* TEX. CONST. art. XVI, § 52. Appellant maintains the property as his homestead, and he is responsible for the maintenance and payment of taxes on it.

On March 2, 1993, appellant requested a homestead exemption from taxation on the property from the Tarrant Appraisal District ("TAD") pursuant to the Tax Code. The TAD denied the request because appellant's interest in the property did not qualify as an ownership interest. Appellant then protested the valuation of the property and denial of the exemption, but the Tarrant Appraisal Review Board ("TARB") subsequently issued an order denying appellant's request for exemption. Appellant then filed suit in the 342nd District Court asking for review of the TARB's decision. After discovery was conducted, both appellant and appellees filed Motions for Summary Judgment. The trial court granted summary judgment for appellees on July 18, 1994.

## POINT OF ERROR

■ Appellant maintains the trial court erred by granting appellees' Motion for Summary Judgment because his surviving spouse life estate is a residence homestead entitled to the tax exemption set out in the Texas Constitution and the Texas Tax Code.

Appellant says Trewitt would own the fee simple title to the property but for the Texas Constitution, which gives appellant the right to reside in the home for the remainder of his life. *See* TEX. CONST. art. XVI, § 52. He maintains his interest in the homestead is that of a legal life estate or an estate in land and relies on *Thompson v. Thompson,* 149 Tex. 632, 236 S.W.2d 779, 786 (1951) and *Woods v. Alvarado State Bank,* 118 Tex. 586, 19 S.W.2d 35, 37–38 (1929) for that proposition.

Appellant maintains that the property meets the definition of a "residence homestead:"

a structure (including a mobile home) or a separately secured and occupied portion of a structure ... that:

(A) is owned by one or more individuals, either directly or through a beneficial interest in a qualifying trust;

(B) is designed or adapted for human residence;

(C) is used as a residence; and

(D) is occupied as his principal residence by an owner

. . . .

See TEX.TAX CODE ANN. § 11.13(j) (Vernon Supp.1995). Appellant concedes that there is no definition of an "owner" in the Tax Code, but he argues there is no indication the Legislature intended to limit the application of the tax exemption to fee simple owners. Instead, he maintains the Legislature considered the owner of a life estate in land an owner for property tax purposes because of the language used in section 25.05:

Real property owned by a life tenant and remainderman shall be listed in the name of the life tenant.

See TEX.TAX CODE ANN. § 25.05 (Vernon 1992).

Additionally, appellant cites Black's Law Dictionary, which includes, in its definition of "owner," the observation that:

The term "owner" is used to indicate a person in whom one or more interests are vested for his own benefit. The person in whom the interests are vested has "title" to the interests whether he holds them for his own benefit or for the benefit of another.

BLACK'S LAW DICTIONARY, 996 (5th ed. 1979).

Appellant says he has the right to live in the homestead for as long as he lives or he may rent the property to another and keep the rental income. *Williams v. Davis*, 133 S.W.2d 275, 278 (Tex.Civ.App.—Fort Worth 1939, no writ). He can remove minerals from the property, sell them, and retain the proceeds for his own use. *Petrus v. Cage Bros*, 128 S.W.2d 537, 538 (Tex.Civ.App.—San Antonio 1939, writ ref'd). He is required to maintain the property, make repairs and improvements, protect it from harm, and pay property taxes for as long as he uses or occupies the property. *See Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620, 625 (1935); *Hunter v. Clark*, 687 S.W.2d 811,

815 (Tex.App.—San Antonio 1985, no writ); *Sargeant v. Sargeant*, 19 S.W.2d 382, 385 (Tex.Civ.App.—Fort Worth 1928, no writ) (op. on reh'g). Although he admits that no Texas courts have addressed the issue of whether a surviving spouse with a life estate is entitled to a property tax exemption, he notes that the Texas Attorney General has found such an entitlement where the property on which the exemption was sought was a residence homestead, where the residence was formerly entitled to the exemption, and where the property continued to be occupied by a surviving spouse. Op.Tex.Att'y Gen. No. 0–5510 (1943).

Appellant asserts that the Texas Supreme Court has stated that homestead laws are to be liberally construed to effectuate their beneficent purpose, citing *Woods*, 19 S.W.2d at 35. He also maintains that denial of a tax exemption to the owner of a surviving spouse life estate, when the same exemption is available to a homeowner who is single or whose spouse is still living, is a denial of equal protection under the law.

Appellees respond that various Texas courts have defined "owner" as being one who holds legal title to property in question and rely on *First Nat'l Bank of Bellaire v. Huffman Indep. Sch. Dist.*, 770 S.W.2d 571, 573 (Tex.App.—Houston [14th Dist.] 1989, writ denied), *cert. denied*, 494 U.S. 1091, 110 S.Ct. 1838, 108 L.Ed.2d 967 (1990) and *Bennett–Barnes Inv. Co. v. Brown County Appraisal Dist.*, 696 S.W.2d 208, 209 (Tex. App.—Eastland 1985, writ ref'd n.r.e.). Additionally, they note that a 1986 opinion from the Texas Attorney General concluded that persons who live in cooperative housing that otherwise satisfies the definition in section 11.13 of the Tax Code and who own stock in the housing association providing the housing are not "owners" because legal title to the property remains with the association and not the individual stockholders. Op.Tex Att'y Gen. No. JM–612 (1986).

Appellees assert that a similar issue was decided when the Austin Court of Appeals held that a spouse's rights in a "marital homestead" or in a "homestead" do not amount to the ownership required by the Tax

Code. In *Ripley v. Stephens,* 686 S.W.2d 757 (Tex.App.—Austin 1985, writ ref'd. n.r.e.), the court upheld an appraisal district's denial of an over–65 homestead exemption to a wife, who was over age 65 and who resided with her husband, who was under age 65, in a home that was the husband's separate property. They also maintain that a state comptroller rule lends credence to their argument. That rule provides:

> If the chief appraiser learns of the death of a person qualified for over–65 homestead exemptions and it appears that the person's spouse has acquired ownership of the homestead, the chief appraiser should require the surviving spouse to file a new homestead exemption application. Based on the information provided in the new application, the chief appraiser shall determine whether the surviving spouse qualifies for homestead exemptions, including over–65 exemptions, and whether the surviving spouse may retain the tax ceiling for school tax purposes established on the homestead of the decedent.

34 TEX.ADMIN.CODE § 9.405(j) (West Supp. 1995).

Appellees argue that if the surviving spouse were automatically entitled to the "residential homestead exemption" without regard to whether he had inherited any title ownership of the property upon the death of a spouse, there would be no reason for this rule.

Appellees also emphasize that while the surviving spouse's interest in a couple's homestead is *in the nature* of a legal life estate, such an analogy has no bearing on the rights of third parties. They assert that "mere analogy" cannot support the conclusion that appellant is the owner of the property in light of "long- and well-established case law requiring exemption provisions to be strictly construed."

 In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue to a material fact are resolved against movant. *Cate,* 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Id.*

 In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.,* 480 S.W.2d 176, 178 (Tex.1972). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47.

Here, the facts are undisputed. Appellees do not contend that appellant and Mershon were not lawfully married and did not remain lawfully married until Mershon's death. Appellees do not contend that appellant does not have the surviving spouse's right to possession, nor do they assert that appellant has abandoned the homestead. The issue, then, is whether appellees were entitled to summary judgment as a matter of law.

 It is well-established that a surviving spouse has the right to live in and use the homestead, even if the deceased wills the property to another. TEX. CONST. art. XVI, § 52; TEX.PROB.CODE ANN. § 283 (Vernon 1980). This right continues as long as the surviving spouse uses or occupies the property, or until he or she abandons the right to do so. *Moore v. Moore,* 89 Tex. 29, 33 S.W. 217 (1895). A surviving spouse may remain on the homestead premises, even though the homestead was the separate property of the deceased spouse. *Hunter,* 687 S.W.2d at 814.

We note that generally, "the homestead right in land contains every element of a life estate, and is therefore at least in the nature

of a legal life estate, or, in other words, a life estate created by operation of law." *White v. Blackman,* 168 S.W.2d 531, 533 (Tex.Civ. App.—Texarkana 1942, writ ref'd. w.o.m.) (*citing Sargeant v. Sargeant,* 118 Tex. 343, 15 S.W.2d 589, 593 (1929)). We further note that under the common law, the owner of the life estate is liable for current taxes. *Sargeant,* 15 S.W.2d at 594. The *Sargeant* court continued:

> It is certainly according to equity and good conscience to require the survivor to pay current taxes, and deny the right to reimbursement for expenses of upkeep, when under the Constitution and laws of this state, he is given the exclusive possession of the premises for life, or as long as he elects to use or occupy the same as a homestead, and this right carries with it all the fruits, rents, and revenues derived therefrom.

*Id.* *See also Trimble v. Farmer,* 157 Tex. 533, 305 S.W.2d 157, 161 (1957).

We find appellees' reliance on *Ripley* misplaced. Appellant correctly distinguishes the exemption sought in that case from the one desired by appellant, because in *Ripley* the applicant's legal rights could be terminated through divorce. In the instant situation, appellant's right has already vested. Additionally, appellees claim that sections 25.04 through 25.16 of the Tax Code lend credence to their interpretation of "ownership" for the purposes of determining exemptions, yet appellees never respond to appellant's argument that the Legislature clearly intended the surviving spouse to be considered an "owner" for purposes of a homestead exemption in the language of section 25.05.

Although we find no cases directly on point, we recognize that the right of a surviving spouse to occupy the marital homestead—even one owned as separate property by the decedent—has been cherished and consistently affirmed by Texas courts. Almost as well-established is the expectation that a life tenant, rather than the remainderman, will pay taxes on the property. We cannot imagine, then, that our Legislature intended to bar a surviving spouse from receipt of a homestead exemption when that spouse has an absolute right to occupy the homestead and is required to pay taxes on it.

Appellant's point of error is sustained. He does not have a point of error complaining of the denial of his own motion for summary judgment; therefore, we remand this case to the trial court. *Pine v. Salzer,* 824 S.W.2d 779, 780 (Tex.App.—Houston [1st Dist.] 1992, no writ).