OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

September 26, 2001

The Honorable Florence Shapiro
Chair, State Affairs Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0415

Re: Whether renting a portion of a residence disqualifies that portion for the homestead-tax exemption, and related questions (RQ-0361-JC)

Dear Senator Shapiro:

On behalf of the City of Plano, you request an opinion from this office construing the provisions of section 11.13 of the Tax Code relating to residence-homestead-tax exemption.[1] As we understand it, the City of Plano (the "City") exempts twenty percent of the appraised value of the residence homestead.[2] The City's questions generally concern the availability of the tax exemption when a home owner does not occupy the residence or rents a part of the residence to another. In answer to those questions we conclude that: (1) the term "temporary," as used in section 11.13(l) of the Tax Code, refers to a limited or short absence of the owner from the "residence homestead"; (2) the term "principal residence," as used in that subsection, refers to the owner's primary or chief residence that the owner actually occupies on a regular basis; (3) section 11.13(k), which disallows the residence-homestead-tax exemption with respect to that part of the residence homestead used for a purpose that is "incompatible with the owner's residential use," does not apply when the owner rents the entire residence to another and is absent from the residential homestead; and (4) the owner's rental of a part of the residence to another disqualifies that part of the residence from the homestead-tax exemption under subsection (k).

Article VIII, section 1-b of the Texas Constitution permits in some instances, and requires in others, taxing units to grant residence-homestead exemptions from ad valorem property taxes. *See* TEX. CONST. art. VIII, § 1-b. Section 1-b does not itself define "residence homestead," but provides that "[t]he legislature by general law may define residence homestead for purposes of this

---

[1] *See* Letter from Honorable Florence Shapiro, Texas State Senator, to Susan Gusky, Chair, Opinion Committee, Texas Attorney General (Feb. 28, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

[2] *See* Brief from John D. Gilliam, First Assistant City Attorney, City of Plano, to Susan Gusky, Chair, Opinion Committee, Office of Attorney General (Mar. 22, 2001) (on file with Opinion Committee). In addition to the other residence homestead exemptions, section 11.13(n) provides that an individual is "entitled to an exemption from taxation by a taxing unit of a percentage of the appraised value of his residence homestead if the exemption is adopted by the governing body of the taxing unit" and that the "percentage adopted by the taxing unit may not exceed 20 percent." TEX. TAX CODE ANN. § 11.13(n) (Vernon Supp. 2001).

section." *Id.* § 1-b(c). The legislature has defined this phrase in section 11.13 of the Tax Code, which generally implements article VIII, section 1-b. *See* TEX. TAX CODE ANN. § 11.13 (Vernon Supp. 2001); *see also* Act of May 28, 1979, 66th Leg., R. S., ch. 302, art. 6, § 1, 1979 Tex. Gen. Laws 680, 689 (enacting article 7150.4 of the Revised Civil Statutes defining residence homestead, provisions now codified at section 11.13(j), (k), and (l) of the Tax Code). Section 11.13(j) defines "residence homestead" as follows:

> (1) "Residence homestead" means a structure (including a mobile home) or a separately secured *and occupied portion of a structure* (together with the land, not to exceed 20 acres, and improvements used in the residential occupancy of the structure, if the structure and the land and improvements have identical ownership) that:

>> (A)   is owned by one or more individuals, either directly or through a beneficial interest in a qualifying trust;

>> (B)   is designed or adapted for human residence;

>> (C)   is used as a residence; and

>> (D)   is occupied as his principal residence by an owner or, for property owned through a beneficial interest in a qualifying trust, by a trustor of the trust who qualifies for the exemption.

TEX. TAX CODE ANN. § 11.13(j) (Vernon Supp. 2001) (emphasis added). Under this general definition, the "residence homestead" is a residence occupied by the owner or beneficial owner as his or her principal residence.

Notwithstanding the strict definition of "residence homestead" above, the residence homestead retains this status even if it is not entirely or continuously used by the owner or beneficial owner as his or her residence. Subsections (k) and (l) of section 11.13 provide that:

> (k)   A qualified residential structure does not lose its character as a residence homestead *if a portion of the structure is rented to another or is used primarily for other purposes that are incompatible* with the owner's residential use of the structure. However, *the amount of any residence homestead exemption does not apply to the value of that portion of the structure* that is used primarily for purposes that are incompatible with the owner's residential use.

(l)    A qualified residential structure does not lose its character as a residence homestead when the owner who qualifies for the exemption *temporarily stops occupying it as a principal residence if that owner does not establish a different principal residence and intends to return* and occupy the structure as his principal residence.

*Id.* § 11.13(k), (l) (emphasis added).

In sum, a "residence homestead" eligible for tax exemption is a residence occupied by the owner or beneficial owner as his or her principal residence. *See id.* § 11.13(j). A qualifying residence homestead retains that status even when a part of the residence homestead is rented to another or is used primarily for other purposes that are incompatible with the owner's residential use, but the homestead-tax exemption is lost with respect to that part primarily used for purposes inconsistent with the owner's residential use. *See id.* § 11.13(k). It also retains that status when the owner temporarily stops occupying the structure as a principal residence, but only if the owner does not establish another principal residence and intends to return and occupy it as his or her principal residence. *See id.* § 11.13(l).

With the above statutory context, we turn to your specific questions. You ask:

(1)    what is the definition of the term "temporary" as used in . . . [section] 11.13(l);

(2)    what is the definition of the term "principal residence" as used in [section] 11.13(l);

(3)    when a property owner is renting out his entire residence does that constitute a use that is "incompatible with the owner's residential use" as state[d] in . . . [section] 11.13(k); and

(4)    does renting a part of a residence disqualify that portion for the homestead exemption?

Request Letter, *supra* note 1, at 1.

We have found no Texas court decisions addressing any of your questions. In fact, there are surprisingly few cases dealing with section 11.13 of the Tax Code. In construing the provisions of section 11.13, however, we are aided by the following general principles of statutory construction. When construing a statute "our primary objective is to give effect to the Legislature's intent." *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). That intent is discerned from the actual language used by the legislature. *See Osterberg v. Peca*, 12 S.W.3d 31, 38 (Tex. 2000). Statutory words and phrases are to be "read in context and construed according to the rules of grammar and common usage." *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). Finally,

exemptions from taxation are not favored by the law, and "[s]tatutory exemptions are subject to strict construction because they undermine equality and uniformity by placing a greater burden on some taxpayers rather than all." *Baptist Mem'ls Geriatric Ctr. v. Tom Green County Appraisal Dist.*, 851 S.W.2d 938, 942 (Tex. App.–Austin 1993, writ denied) (citing *North Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991)); *see also Bullock v. Nat'l Bancshares Corp.*, 584 S.W.2d 268, 271-72 (Tex. 1972); *Hilltop Village, Inc. v. Kerrville Indep. Sch. Dist.*, 426 S.W.2d 943 (Tex. 1968); *City of Longview v. Markham-McRee Municipal Hosp.*, 152 S.W.2d 1112 (Tex. 1941); Tex. Att'y Gen. Op. Nos. JM-991 (1988) at 4, JM-612 (1986) at 5.[3]

Keeping in mind the above principles of statutory construction, we begin with your second question regarding the definition of the phrase "principal residence" as used in section 11.13(1). As you note, the statute does not define the phrase. When the legislature has not defined a term or phrase, we give it its ordinary or common meaning. *See Monsanto v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993); *see also* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998) (words and phrases to be construed in context and in accordance with common usage unless they have acquired technical or particular meaning). The operative term in this phrase is "principal." The Oxford English Dictionary defines "principal," in its general sense, as "[f]irst or highest in rank or importance; that is at the head of all the rest; of the greatest account or value; foremost: = CHIEF[.]" XII OXFORD ENGLISH DICTIONARY 494 (2d ed. 1989). Similarly, Black's Law Dictionary defines the term as follows: "Chief; primary; most important." BLACK'S LAW DICTIONARY 1210 (7th ed. 1999). Given these definitions, we believe that the phrase "principal residence" refers to an owner's primary or chief residence.

But, more importantly, in the context of section 11.13, we believe "principal residence" is the residence that the owner actually occupies on a regular basis. *See Sayre v. Mullins*, 681 S.W.2d 25, 27 (Tex. 1984) (statute to be read as a whole, giving consideration to entire act, its nature and object, and consequences that would follow from particular construction). Under section 11.13(j), a residence homestead "*is* used as a residence" and "*is occupied* as [the home owner's] principal

---

[3]While constitutional and statutory provisions with respect to homestead exemptions from forced sale for payment of debts have been liberally construed, *see In re Bradley*, 960 F.2d 502, 507-508 (5th Cir. 1992), neither the courts nor this office have so construed the homestead *tax* exemption provisions. *See Ripley v. Stephens*, 686 S.W.2d 757 (Tex. App.–Austin 1985, writ ref'd n.r.e.) (residence not entitled to homestead exemption because wife was not "owner" and husband was not over 65 to qualify for "over 65 exemption"); Tex. Att'y Gen. Op. Nos. JM-991 (1988) (strictly construing article VIII, section 1-b provision limiting school taxes on homestead occupied by surviving spouses of "persons entitled to sixty-five years of age or older exemptions" to apply only to spouses who survive persons dying after the effective date of amendment); JM-612 (1986) (strictly construing "owner" entitled to tax exemption to not include individuals who do not own structure sought to be exempted, but who own stock in nonprofit corporation whose assets consist of structure). *But cf. Copeland v. Tarrant Appraisal Dist.*, 906 S.W.2d 148, 150-51 (Tex. App.–Fort Worth 1995, writ denied) (distinguishing its facts from that of *Ripley* and reasoning that legislature could not have intended to bar surviving spouse from receipt of homestead tax exemption). The homestead tax exemption scheme at issue here is to be distinguished from the "exemption" of the homestead from forced sale for debts, other than those specifically provided for, by article XVI, section 50 of the Texas Constitution. *See* TEX. CONST. art. XVI, § 50. Additionally, we note that this constitutional provision does not protect a homestead from forced sale for payment of property taxes that may be due on the homestead. *See id.*

residence by an owner." TEX. TAX CODE ANN. § 11.13(j) (Vernon Supp. 2001) (emphasis added). Under subsection (l), a residence homestead does not lose that status if the "owner . . . *temporarily* stops occupying it as a *principal residence* if that owner *does not establish a different principal residence* and *intends to return and occupy the structure* as his principal residence." *Id.* § 11.13(l) (emphasis added); *see also Ilardi v. Parker*, 914 P.2d 888, 891 (Alaska 1996) ("[Principal residence], unmodified by other statutory language, has been interpreted to require actual occupancy on a regular basis . . . ."). We do not believe that the tax relief granted to "residence homesteads" by article VIII, section 1-b of the Texas Constitution and section 11.13 of the Tax Code was intended to aid the taxpayer in owning several residences; if that were the case, the tax exemption would have applied simply to a "residence." *See Osterberg*, 12 S.W.3d at 38 (legislative intent discerned from actual language used). Rather, it was intended to aid the taxpayer in times of rising property taxes to keep his or her *home. See* TEX. CONST. art. VIII, § 1-b; TEX. TAX CODE ANN. § 11.13 (Vernon Supp. 2001); TEXAS LEGISLATIVE COUNCIL: PROPOSED CONSTITUTIONAL AMENDMENTS ANALYZED; FOR ELECTION - NOVEMBER 7, 1978, at 15 ("[I]n recent years many property owners have felt the sting of revaluations that reflect several years of inflation in real estate prices.") ("THE TAX RELIEF AMENDMENT" Background); *id.* at 23 ("A major tax break would be provided the state's overburdened homeowners with the mandated homestead exemption of $5000 for school tax purposes. Homeowners over 65 or disabled, for whom the property tax is particularly burdensome in proportion to income, could also be provided an additional homestead exemption by the legislature."); *see also Rubin v. Glaser*, 399 A.2d 984, 988-89 (N. J. Super. A.D. 1979), *aff'd*, 416 A.2d 382 (N.J. 1980) (New Jersey tax rebate plan intended to aid taxpayer in times of escalating property taxes to keep roof over his head rather than aid taxpayer to own two or more homes or lighten his tax burdens attendant upon vacation home ownership or use).

We consider next your question regarding the definition of "temporary" as used in section 11.13(l), which provides that a residence homestead does not lose that status "when the owner . . . temporarily stops occupying it as a principal residence if that owner does not establish a different principal residence and intends to return and occupy the structure as his principal residence." TEX. TAX CODE ANN. § 11.13(l) (Vernon Supp. 2001). Again, because the statute does not define "temporary," we give it its ordinary or common meaning. *See Monsanto*, 865 S.W.2d at 939; TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). The Oxford English Dictionary defines "temporary" as "[l]asting for a limited time; existing or valid for a time (only); not permanent." XVII OXFORD ENGLISH DICTIONARY 757 (2d ed. 1989). Black's Law Dictionary defines the term as "[l]asting for a time only; existing or continuing for a limited (usu. short) time; transitory." BLACK'S LAW DICTIONARY 1476 (7th ed. 1999). Accordingly, we construe "temporary," as used in subsection (l), to refer to a limited or short period of time.

But we cannot categorically say what the actual duration of that temporary period is or should be. In the context of section 11.13(l), "temporary" is a relative term. What constitutes a "temporary" period of absence from the residence homestead necessarily depends on the particular circumstances: the length of the home owner's absence *and* whether the home owner has established another principal residence *and* whether the owner intends to return and occupy the residence as his or her principal residence. *See* TEX. TAX CODE ANN. § 11.13(l) (Vernon Supp. 2001). The length

of the period probably is less important than the establishment of a different principal residence and the owner's intent to return and occupy the residence as a principal residence. *See, e.g.,* CAROLE KEETON RYLANDER, COMPTROLLER OF PUBLIC ACCOUNTS, TEXAS PROPERTY TAXES: TAXPAYER'S RIGHTS, REMEDIES & RESPONSIBILITIES, at 2 (Jan. 2000) ("If you temporarily move away from your home, you can still get an exemption if you don't establish another principal residence and you intend to return. For instance, if you enter a nursing home, your home still qualifies as your homestead if you intend to return."). We do not disagree with you that a period of one year or less may be a reasonable "temporary" absence in many circumstances for the purposes of section 11.13. *See Schmidt v. County of Dakota,* C3-97-6568-R, 1998 WL 248961, at \*2 (Minn. Tax Ct. May 14, 1998) (summarizing line of Minnesota tax cases holding that absence of less than one year where owner intends to return and has not leased property is permissible, but absence of four or nine years is too long); *see also id.* (temporary absences for vacations, business trips, or hospitalizations are permissible provided dwelling is claimant's principal residence). However, we cannot make that determination as a matter of law.

We turn now to your last question: whether renting a part of a residence disqualifies that part from receiving the homestead-tax exemption. To answer this question, we must determine whether rental of a part of the residence constitutes a use for "purposes incompatible" with the owner's residential use under section 11.13(k) of the Tax Code. We conclude it does. The first sentence of subsection (k) provides that a qualified residence does not lose its homestead character "if a *portion* of the structure is *rented* to another *or is used primarily for* other *purposes that are incompatible with the owner's residential use* of the structure." TEX. TAX CODE ANN. § 11.13(k) (Vernon Supp. 2001) (emphasis added). The second sentence provides that "the amount of any residence homestead exemption does not apply *to the value of that portion of the structure that is used primarily for purposes that are incompatible* with the owner's residential use." *Id.* § 11.13(k) (emphasis added). Rental of a portion of the structure to another, in the first sentence, is equated with use of the structure "primarily for purposes that are incompatible," given use of the term "other" qualifying the latter phrase. *See Osterberg,* 12 S.W.3d at 38 (legislative intent discerned from actual language used); TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (words and phrases are to be "read in context and construed according to the rules of grammar and common usage"). The second sentence then disallows the exemption for that portion of the homestead used for incompatible purposes. Because rental is equated with incompatible purposes, the second sentence necessarily disallows the exemption for the portion that is rented. *See also* CAROLE KEETON RYLANDER, COMPTROLLER OF PUBLIC ACCOUNTS, TEXAS PROPERTY TAXES: TAXPAYER'S RIGHTS, REMEDIES & RESPONSIBILITIES, at 2 (Jan. 2000) ("Renting part of your home or using part of it for a business doesn't disqualify the *rest* of your home for the exemption.") (emphasis added); CAROLE KEETON RYLANDER, COMPTROLLER OF PUBLIC ACCOUNTS, TEXAS PROPERTY TAX: APPRAISAL REVIEW BOARD MANUAL, at 24 (2000) ("Normally the exemption applies to those portions of the house actually used for residential, as opposed to business, purposes.").

Our construction above comports with the homestead-exemption provisions of section 11.13 (j), (k), and (l). *See Jones v. Fowler,* 969 S.W.2d 429, 432 (Tex. 1998) (legislative intent to be determined from entire act not simply isolated portion of act); *Sayre,* 681 S.W.2d at 27 (statute to

be read as a whole, giving consideration to entire act, its nature and object, and consequences that would follow from particular construction). The apparent purpose of section 11.13 is to exempt from taxation a residence that the owner uses as his *home*, in other words, where the owner lives. *See* TEX. TAX CODE ANN. § 11.13(j) (Vernon Supp. 2001) ("residence homestead" is "used as a residence" and "occupied as his principal residence by an owner"); *id.* § 11.13(l) (residence homestead does not lose that status if owner is temporarily absent, does not establish different principal residence, and intends to return to residence and use it as principal residence). Keeping with this apparent intent, subsection (k) preserves the tax exemption, even if a part of the residence is not used primarily as the owner's home, but only with respect to that part that the owner continues to use primarily as his or her home.

Finally, we consider your third question: whether renting the entire property constitutes a use that is "incompatible with the owner's residential use" under section 11.13(k). We understand you to ask here about a situation where the owner does not occupy the residence. *See* Request Letter, *supra* note 1, at 1 (stating that questions asked "arise when determining when a property owner is entitled to a homestead exemption if the owner does not occupy the residence and if renting part of a residence disqualifies that portion for the homestead exemption."). We do not believe that subsection (k) applies when the owner does not occupy the residence. Subsection (k), by its terms, deals with rental only of a *part of the residence* to another. *See* TEX. TAX CODE ANN. § 11.13(k) (Vernon Supp. 2001). When the owner rents the entire residence, then the applicable provision is necessarily subsection (l) rather than subsection (k). *See id.* § 11.13(l). Unlike subsection (k)'s incompatible use test, subsection (l) focuses on whether the residence remains the owner's principal residence when the owner stops occupying it. *See id.* Under this provision, the residence homestead status is not lost when the owner temporarily stops occupying the residence as a principal residence if the owner does not establish a different principal residence and intends to return and occupy the residence as his or her principal residence. *See id.* Subsection (l) does not expressly mention "rental." Thus, under this subsection, rental of the property would be merely one aspect, among others, that would be considered in determining whether the owner's absence is temporary; whether the owner has established a different principal residence; and whether he or she intends to return and occupy the property as his or her principal residence. Rental of the entire property, by itself, does not change the residence-homestead status of the property under section 11.13(l).

## S U M M A R Y

The term "temporary," as used in section 11.13(l) of the Tax Code, refers to a limited or short absence of the owner from the "residence homestead." The term "principal residence," as used in that subsection, refers to the owner's primary or chief residence that the owner actually occupies on a regular basis. Section 11.13(k) of the Tax Code, which disallows the residence-homestead-tax exemption with respect to that part of the residence homestead used for a purpose that is "incompatible with the owner's residential use," does not apply when the owner rents the entire residence to another and is absent from the residential homestead. The owner's rental of a part of the residence to another disqualifies that part of the residence from the homestead-tax exemption under subsection (k).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee