Opinion filed June 15, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed June 15, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00080-CV 

                                                    __________

 

               TERESA NUDING, INDIVIDUALLY AND AS TRUSTEE OF 

                                       THE
O T S TRUST, Appellant

 

                                                             V.

 

        BETTY
L. SMITH, AS INDEPENDENT ADMINISTRATRIX OF THE

              ESTATE
OF OSCAR D. GALLOWAY, DECEASED, Appellee

 



 

                                          On
Appeal from the 39th District Court

 

                                                       Stonewall
County, Texas

 

                                                     Trial
Court Cause No. 4366

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This dispute concerns the construction of a trust
agreement.  The trial court determined
that documents executed by the decedent, Oscar D. Galloway, created a valid
trust which terminated upon his death and that the corpus of that trust passed
to his heirs at law.  We affirm.

                                                              I.
Background Facts

Galloway owned and operated the Kent County
General Store in Jayton, Texas, as a sole proprietorship.  He also owned a farm, cattle, and other
property.  His total estate was  valued at approximately $150,000.  Appellant (Teresa Nuding) and Sherry Doss worked
in the store with Galloway.  Nuding had
been a full-time employee for seven years, and Doss had been a full-time
employee for three and one-half years.

Galloway was diagnosed with cancer in March
2001.  He had discussions with Nuding and
others in the community about the store=s
future operations.  Nuding recommended a
trust because they had used one for her father. 
Galloway asked Eloise Crockett to prepare the necessary documents.  Crockett was a notary and had prepared
Galloway=s tax
returns for a number of years. She had trust forms on her computer.  Crockett prepared three drafts of the
documents and reviewed those with Galloway. 
He never made any changes to her forms but did not execute them either.

Then in April 2002, Galloway instructed Nuding to
contact Crockett to see if she could come to his house to execute the trust
documents.  Galloway signed them at his
home on April 30, 2002.  The documents
included a ARevocable
One-Party Living Trust Known as O T S Trust,@
an AAssignment of Property to Trust,@ a ACertificate
of Trustees= Powers,@ and a deed.  Galloway died approximately one month
later.  Galloway was single, had no
surviving children, and died intestate. His heirs at law were his mother and
siblings.

The trust instrument provided that, during
Galloway=s
lifetime, the trust=s net
income was to be paid to him.  It also
provided the trustee with the discretion to pay for Galloway=s medical expenses, maintenance, and
welfare from the trust=s
corpus.  The trust instrument further
provided:

Upon death of the Grantor, the remaining Trust
assets shall be distributed to the beneficiaries in the proportionate or
allocable amounts as are specified in the Schedule of Beneficiaries as may then
be in force.

 

There is no evidence that a schedule of beneficiaries was ever
requested or prepared. 








Nuding and Doss continued to operate the store for
several months after Galloway=s
death.  Galloway=s
sister, Betty L. Smith, took over the store in January 2003 and sold it to Doss
and her husband.  Smith, as Independent
Administratrix of the Estate of Oscar D. Galloway, then filed suit against
Nuding, individually and as Trustee of the O T S Trust, seeking a declaratory
judgment, an accounting, and damages. 
The trial court conducted a bench trial and found that Galloway had
created the O T S trust, that the corpus of the trust consisted of three lots
in Jayton, and that the corpus passed to his heirs at law upon his death.  All other claims for relief were denied.

                                                                       II.
Issues

            Nuding contends that the trial court erred by finding the
following: that the trust instrument was unambiguous; that it terminated on
Galloway=s death;
and that the corpus passed to Galloway=s
heirs upon his death. 

                                      III.
Standard of Review and Rules of Construction

The construction of a trust document is a question
of law.  Eckels v. Davis, 111
S.W.3d 687, 694 (Tex. App.CFort
Worth 2003, pet. denied); Hurley v. Moody Nat=l
Bank of Galveston, 98 S.W.3d 307, 310 (Tex. App.CHouston
[1st Dist.] 2003, no pet.).  Our primary
concern when construing a trust instrument is to determine the settlor=s intent.  Henderson v. Parker, 728 S.W.2d 768,
770 (Tex. 1987).  That intent must be
ascertained from the language used within the four corners of the
instrument.  Nowlin v. Frost Nat=l Bank, 908 S.W.2d 283, 286 (Tex.
App.CHouston
[1st Dist.] 1995, no writ).  All terms
must be harmonized to properly give effect to all parts.  Hutton v. Methodist Home, 615 S.W.2d
289, 292 (Tex. Civ. App.CFort
Worth 1981, writ ref=d
n.r.e.).  If possible, the court should
construe the instrument to give effect to all provisions so that no provision
is rendered meaningless.  Myrick v.
Moody, 802 S.W.2d 735, 738 (Tex. App.CHouston
[14th Dist.] 1990, writ denied).

If the language of a trust is unambiguous and
expresses the intent of the settlor, it is unnecessary to construe the
instrument because it speaks for itself. 
Hurley, 98 S.W.3d at 310. 
If, however, the meaning of the instrument is uncertain or is reasonably
susceptible to more than one meaning, then it is ambiguous.  Calhoun v. Killian, 888 S.W.2d 51, 54
(Tex. App.CTyler
1994, writ denied).

                                              IV.
Is The Trust Instrument Ambiguous?








Nuding contends that the lack of a schedule of
beneficiaries and the absence of any provision which expressly provides the
time and circumstance when the trust is to terminate makes the trust instrument
ambiguous.  Nuding argues that these
failures render the instrument susceptible to two meanings.  First, that the corpus was to be distributed
to Galloway=s heirs
at law.  Second, that the trustees,
Nuding and Doss, were to receive the corpus.

We disagree. 
The trust provided that, upon Galloway=s
death, Athe
remaining Trust assets shall be distributed to the beneficiaries in the
proportionate or allocable amounts as are specified in the Schedule of
Beneficiaries as may then be in force@
(emphasis added).

The word Ashall@ is mandatory. In re Orsagh, 151
S.W.3d 263, 267 (Tex. App.CEastland
2004, no pet.).  Galloway provided for
the termination of the trust at his death by placing a mandatory obligation on
the trustees to then distribute the corpus. 
To whom the corpus was to be distributed was contingent.  The word Amay@ is permissive.  Tri-Star Petroleum Co. v. Tipperary Corp.,
107 S.W.3d 607, 615 (Tex. App.CEl
Paso 2003, pet. denied).  The trust
clearly provides that a schedule of beneficiaries was a contingency by saying Aas may then be in force.@ 
Nuding concedes that there is no extrinsic evidence that Galloway ever
requested the preparation of a schedule of beneficiaries or that he prepared
one himself.

Galloway=s
description of the schedule of beneficiaries as a contingency distinguishes
this case from decisions such as Jordan v. Virginia Military Institute,
296 S.W.2d 952 (Tex. Civ. App.CSan
Antonio 1956, no writ).  There, the
testator=s will
referenced a list of assets which was attached to the will.  However, no such list was attached at the
time of the will=s
execution.  Id. at 953.  The court held that the provision of the will
dependent upon the missing list was void because it attempted to incorporate a
document not in existence by reference.  Id.  Galloway=s
trust instrument does not attempt to incorporate a document not in existence by
reference.  Instead, it provides for the
possibility that a schedule of beneficiaries may exist at Galloway=s death.  

Moreover, even if Jordan is controlling,
the only portion of the trust dependent upon the schedule is the trust=s instruction to the trustee to whom
the corpus is to be distributed.  The
absence of a schedule does not make the trust ambiguous, it makes that portion
of the trust void.  That would not void
any other provision, including the portion terminating the trust at Galloway=s death.








When Galloway created the O T S trust, he was the
only beneficiary.  Consequently, even
though the trustee held legal title, Galloway held equitable title and is
considered the real owner.  Faulkner
v. Bost, 137 S.W.3d 254, 258 (Tex. App.CTyler
2004, no pet.).  Because Galloway named
no other beneficiary before his death, the corpus was subject to his estate=s administration and was immediately
vested in his heirs at law upon his death. 
Tex. Prob. Code Ann. ' 37 (Vernon 2003).

Nuding=s
brief challenges the logic of allowing the corpus to go to Galloway=s heirs at law given the circumstances
surrounding the creation of the trust. 
Certainly, one can wonder why Galloway created a trust for one asset to
the exclusion of all others, why he executed the documents so shortly before
his death, and why he did not include the store=s
inventory and equipment in the trust=s
corpus.  The presence of these questions,
however, does not make the trust instrument ambiguous.  Intent must be drawn from the instrument, not
the instrument from the intent.  Huffman
v. Huffman, 339 S.W.2d 885, 888 (Tex. 1960).  The question is not what Galloway may have
intended to write but what is the meaning of the words he actually used.  Shriner=s
Hosp. for Crippled Children of Tex. v. Stahl, 610 S.W.2d 147, 151 (Tex.
1980).

Because the trustee was obligated to distribute
the trust=s corpus
at Galloway=s death
and because there was no evidence of a schedule of beneficiaries at his death,
the trial court correctly found that the trust instrument was unambiguous and
that the corpus passed to Galloway=s
heirs at law upon his death.  Nuding=s first issue is overruled.

This holding also disposes of Nuding=s second and third issues which
challenge the legal and factual sufficiency of the evidence supporting the
trial court=s finding
that the trust terminated upon Galloway=s
death and her fourth and fifth issues which challenge the legal and factual
sufficiency of the evidence supporting the trial court=s
finding that the trust corpus passed to Galloway=s
heirs at law.  Nuding relies extensively
on extrinsic evidence of Galloway=s
intent, including statements made by him to others about his intentions for the
store=s
continued operation.  Extrinsic evidence
may not alter the terms of the unambiguous trust instrument.  See Farah v. First Nat=l Bank of Fort Worth, 624 S.W.2d
341, 345 (Tex. App.CFort
Worth 1981, writ ref=d
n.r.e.) (the court must ascertain intent from the instrument itself and may not
redraft it to conform to the court=s
perception of the testator=s
unexpressed intention).  Cf. Skinner
v. Moore, 940 S.W.2d 755, 758 (Tex. App.CEastland
1997, no writ) (allowing consideration of attorney=s
testimony to establish scrivener=s
error but not allowing statements made to the attorney by the decedent to
establish intent).  Accordingly, Nuding=s second, third, fourth, and fifth
issues are overruled.








                                                       V. Conclusion

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

June 15, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.