**BENNETT–BARNES INVESTMENTS COMPANY, Appellant,**

v.

**BROWN COUNTY APPRAISAL DISTRICT et al., Appellees.**

No. 11–85–087–CV.

Court of Appeals of Texas, Eastland.

July 25, 1985.

Rehearing Denied Sept. 5, 1985.

Dana Smith, Day and Smith, Brownwood, for appellant.

Russell R. Graham, Brian E. Brown, Calame, Lineburger & Graham, Austin, for appellees.

OPINION

RALEIGH BROWN, Justice.

This is an ad valorem tax case. Bennett-Barnes Investments Company filed suit against Brown County Appraisal District, contesting the property tax levied on an airplane which it leased. Brown County moved to dismiss the suit because the lessee was not the "property owner" and, consequently, was not the proper party to bring suit. The trial court agreed and dismissed the suit. The lessee, Bennett, appeals. We affirm.

Appellant, Bennett-Barnes Investments Company, leased a Beech-King airplane from Republic Leasing Company, the owner of the airplane. Under the terms of the lease, Bennett was obligated to pay all taxes on the airplane. The Brown County Appraisal District, appellee, included the airplane on its tax roll for the year 1982. Bennett, dissatisfied with the tax assessed, protested to the Appraisal Review Board, complaining of the situs of the airplane and the value placed on it by Brown County. After an adverse ruling by the Appraisal Review Board, Bennett filed suit in district court. Brown County filed a motion to dismiss the suit. The motion alleged that

Republic, not Bennett, was the proper party-plaintiff because Republic was the owner of the airplane. Such motion was granted by the court.

Bennett urges in a single point of error that the trial court erred in granting Brown County's motion to dismiss the suit. TEX.TAX CODE ANN. sec. 42.01 (Vernon 1982), under which Bennett appealed to the district court, states:

A *property owner* is entitled to appeal:

(1) an order of the appraisal review board determining a *protest by the property owner....* (Emphasis added)

The Texas Tax Code does not define "property owner." We have been cited no cases, nor have we found any cases which judicially define "property owner." We must, therefore, determine its meaning. TEX. REV.CIV.STAT.ANN. art. 5429b–2, sec. 2.01 (Vernon Supp.1985) states:

Words and phrases shall be read in context and construed according to the rules of grammar and *common usage.* Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly. (Emphasis added)

Webster's New International Dictionary of the English Language 1984 (unabridged 2nd ed. 1950) defines "property owner" as: "an owner of property." "Owner" is likewise defined as: "One who owns; a proprietor; one who has the legal or rightful title, whether the possessor or not." Webster's New International Dictionary of the English Language 1745, supra. "Lessee" is defined in Black's Law Dictionary 812 (5th ed. 1979) as:

*One who rents property from another.* In the case of real estate, the lessee is also known as the tenant. He to whom a lease is made. He who holds an estate by virtue of a lease. One who has been given possession of land which is exclusive even of the landlord, except as the lease permits his entry, and except right to enter to demand rent or to make repairs.

Therefore, in order for Bennett to be the proper party to bring the lawsuit it must be an owner of the airplane, being one who has the legal title to the airplane.

The lease agreement between Bennett, as lessee, and Republic, as lessor, states:

Section 5. TITLE: INSPECTION: IDENTIFICATION: REPORTS. Lessee acknowledges and agrees that: (a) Ownership of and title to the Aircraft and all accessions thereto vest in and remain with Lessor; (b) Lessee will make no claim or assert any right to such Aircraft inconsistent with Lessor's ownership thereof....

Bennett points to no evidence tending to contradict the agreement. The lease does contain a clause under which Bennett may purchase the airplane from Republic; however, there is nothing in the record to indicate that this right has been exercised.

Since TEX.TAX CODE ANN sec. 42.01 authorizes only the "property owner" to appeal an order of the Appraisal Review Board and the evidence establishes that Bennett-Barnes Investments Company was not the "property owner" of the airplane, it was not entitled to bring suit in the district court. The trial court therefor did not err in dismissing the suit. The point of error is overruled, and the judgment of the trial court is affirmed.