**FIRST NATIONAL BANK OF BELLAIRE, Appellant,**

v.

**HUFFMAN INDEPENDENT SCHOOL DISTRICT, et. al., Appellees.**

No. A14–88–00352–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 23, 1989.
Rehearing Denied March 23, 1989.

Decatur J. Holcombe, Houston, for appellant.

Michael J. Darlow, John G. Garza, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

In this case involving the collection of ad valorem taxes, First National Bank of Bellaire ("the Bank") alleges that portions of the Property Tax Code are unconstitutional. In three points of error the Bank claims (1) the provision of the Property Tax Code which provides for notice of the appraised value of property to only the property owner is unconstitutional; and (2) the term "property owner" in the Property Tax Code should be construed to include a lienholder. We affirm.

In July 1986 Huffman Independent School District ("Huffman") filed suit against I.T. May, Jr. to collect delinquent ad valorem taxes on several tracts of property located in Huffman, Texas. The taxes were unpaid for the 1985 tax year when May was the owner of the property and the Bank was the lienholder. On January 7, 1986, the Bank foreclosed on a 379.74 acre tract of land, on which delinquent taxes were owed by May. Huffman brought the Bank, as the new owner of the property, into its suit for delinquent taxes.

Huffman and the Bank then filed motions for summary judgment. Huffman's motion alleged Huffman was entitled to judgment as a matter of law because there was no dispute that the Bank owned an interest in the property and that property taxes were due on the property. The Bank's motion alleged that the failure of the taxing authority to provide proper notice of the appraised value of the property deprived the Bank of the opportunity for a hearing to protest the appraised value, assessment, and agricultural use exemption. The trial court granted Huffman's motion for summary judgment and denied the Bank's motion.

In its first and second points of error the Bank claims it was denied due process because it did not receive notice of the taxable value and assessment of the property before the tax became final. The Bank claims the Texas Property Tax Code denies a lienholder due process of law by failing to provide for notice to the lienholder of appraised value.

The Texas Property Tax Code provides that an appraisal review board must give notice to a property owner of the appraised value of his land. TEX.TAX CODE ANN. § 25.19 (Vernon 1982). The Bank contends that by failing to prescribe notice to a lienholder, the property code is unconstitutional as a deprivation of due process.

The notice provisions, the method to contest valuations and taxes, and the procedures for judicial review contained in the Texas Property Tax Code afford complete due process protection to a property owner. *Brooks v. Bachus*, 661 S.W.2d 288, 290 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). In matters of taxation, the requirement of due process is satisfied if the party assessed is given an opportunity to be heard before some assessment board at some stage of the proceedings. *Texas Pipeline Co. v. Anderson*, 100 S.W.2d 754, 762 (Tex.

Civ.App.—Austin 1937, writ ref'd). Since ad valorem taxes are only assessed against property owners, not lienholders, due process does not require notice be given to all lienholders.

The Bank claims *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) is dispositive of this appeal. That case states:

> Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale. [Citations omitted] When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service.

*Id.* at 798, 103 S.Ct. at 2711.

Huffman and the county fully complied with the *Mennonite* case. *Mennonite* requires notice of a pending tax sale be given to a mortgagee. It is undisputed in this case that the Bank was given notice of the tax sale and has been afforded an opportunity to be heard prior to the tax sale. The Bank's first and second points of error are overruled.

In its third point of error the Bank claims the trial court erred in "summarily holding that the phrase 'property owner,'" does not include a lienholder. Property owner has been defined as "an owner of property." Owner is defined as "one who owns; a proprietor, one who has the legal or rightful title, whether the possessor or not." *Bennett–Barnes Investments Co. v. Brown County Appraisal Dist.,* 696 S.W.2d 208, 209 (Tex.App.—Eastland 1985, writ ref'd n.r.e.). A lienholder does not own legal title to the property on which he holds a lien. *Bankers Home Bldg. & Loan Ass'n v. Wyatt,* 139 Tex. 173, 162 S.W.2d 694, 696 (1942). A lienholder is not a property owner. The Property Tax Code requires notice only be given to a property owner, and since, in 1985, the Bank was not a property owner, the Property Tax Code does not require notice, valuation and assessment be given to the Bank

as lienholder. The Bank's third point of error is overruled.

The judgment of the trial court is affirmed.