NUMBER
13-05-202-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

MAGIC VALLEY
ELECTRIC COOPERATIVE,                                Appellant,

                                                             v.

CITY OF EDCOUCH,                                                                          Appellee.

 

 

                    On appeal from the 332nd District
Court

                                        of
Hidalgo County, Texas.

 

 

 

                                         MEMORANDUM
OPINION

 

     Before Chief Justice
Valdez and Justices Castillo and Garza

 

      Opinion by Chief
Justice Valdez

 

 








Appellant, Magic Valley Electric Cooperative,
appeals from the order of the trial court granting class certification to
appellee, the City of Edcouch, Texas. 
Magic Valley argues that (1) the trial court erred by holding that the
City of Edcouch has standing to bring a class action, (2) the City of Edcouch
has failed to satisfy the rule 42(a) requirements of class certification, and
(3) the City has failed to satisfy the rule 42(b) requirements of class
certification.  We affirm.       

I. Background

The City of Edcouch filed a class action lawsuit
against Magic Valley, alleging that 
various statutory franchise fees paid by Magic Valley to the City were
systematically under-calculated.  The
City brought the suit on behalf of itself and 26 other municipalities in south
Texas served by Magic Valley.  The trial
court certified the proposed class after a hearing, and Magic Valley filed this
interlocutory appeal.

II.  Standing

By its first issue on appeal, Magic Valley asserts
that the City lacked standing to bring a class action, as the City could not
prove that it even had a contract regarding the provision of electricity with
Magic Valley.  

A proposed class representative must establish
standing to sue as a prerequisite to class certification.  See M.D. Anderson Cancer Ctr. v. Novak,
52 S.W.3d 704, 710 (Tex. 2001).  A
plaintiff has standing to bring suit if it has a legal right that has been
breached.  HUD v. Nueces County
Appraisal Dist., 875 S.W.2d 377, 379 (Tex. App.BCorpus Christi 1994, no writ).  Without a breach of a legal right belonging
to a plaintiff, no cause of action arises or can accrue to the plaintiff's
benefit.  Id.  We review a plaintiff=s standing de novo.  Tex. DOT v. City of Sunset Valley, 146
S.W.3d 637, 646 (Tex. 2004).








Although Magic Valley contends that the City lacks
standing because it does not have a written contract with Magic Valley, and
therefore has no ability to claim a breach of any legal right arising from a
contract for electricity, we disagree. 
The elements of a valid contract are (1) an offer, (2) an acceptance,
(3) a meeting of the minds, (4) each party's consent to the terms, and (5)
execution and delivery of the contract with the intent that it be mutual and
binding.   Prime Prods., Inc. v.
S.S.I. Plastics, Inc., 97 S.W.3d 631, 636 (Tex. App.BHouston [1st Dist.] 2002, pet. denied).  There is no absolute requirement that a
contract be written to be enforceable; instead, in determining the existence of
an oral contract, the court looks to the communications between the parties and
to the acts and circumstances surrounding those communications.  Id.

In this case, it was undisputed that for years, Magic
Valley made payments to the City, denominated in Magic Valley=s own records as payments for Afranchise tax.@  It is also
undisputed that Magic Valley provided electricity to retail customers residing
within the City.  Thus, it is clear from
the circumstances surrounding the interactions of these parties that the court
could properly imply the existence of an oral, valid agreement between the City
and Edcouch.  See id.  Magic Valley=s first issue on appeal is overruled. 

III.  Rule
42(a)

By its second issue on appeal, Magic Valley argues
that the City failed to meet any of the requirements for class certification.  








Our review of an interlocutory appeal from a class
certification order is limited to determining whether the trial court's order
constituted an abuse of discretion.  Fidelity
& Guar. Life Ins. Co. v. Pina, 165 S.W.3d 416, 422 (Tex. App.BCorpus Christi 2005, no pet.); see also Henry
Schein, Inc. v. Stromboe, 102 S.W.3d 675, 690‑91 (Tex. 2002);
Intratex Gas Co. v. Beeson, 22 S.W.3d 398, 404 (Tex. 2000) ("Deciding
the merits of the suit in order to determine its maintainability as a class
action is not appropriate.").

Typically under this standard of review, the
appellate court must indulge every presumption favorable to the trial court's
ruling.  See Graebel/Houston Movers,
Inc. v. Chastain, 26 S.W.3d 24, 29 (Tex. App.BHouston
[1st Dist.] 2000, pet dism'd w.o.j.).  On
certification issues, however, the appellate court is not bound by this
presumption and must independently determine whether the requirements of rule
42 have been fully satisfied.  See
Fidelity & Guar. Life Ins., 165 S.W.3d at 422; see also Henry Schein,
102 S.W.3d at 691; Southwestern Ref. Co. v. Bernal, 22 S.W.3d 425, 435
(Tex. 2000) (determining that actual compliance with rule 42 "must be
demonstrated; it cannot be presumed").

Under rule 42(a), every motion for certification as
a class action must satisfy four threshold requirements: numerosity,
commonality, typicality, and adequacy of representation.  See Tex.
R. Civ. P. 42(a).  

A.  Numerosity

Magic Valley raises the rule 42(a) element of
numerosity and argues that it has not been adequately established by the
City.   








To satisfy the numerosity requirement, the proposed
class must be so numerous that joinder of all members is impractical.  Tex.
R. Civ. P. 42(a)(1). 
"Impractical" does not mean impossible. Chevron U.S.A.,
Inc. v. Kennedy, 808 S.W.2d 159, 161 (Tex. App.BEl Paso 1991, writ dism'd w.o.j.).  That it may be possible to join all the
remaining class members as individual plaintiffs does not mean that it is
practical to do so.  Furthermore, this
determination is not based on numbers alone. 
Weatherly v. Deloitte & Touche, 905 S.W.2d 642, 653 (Tex.
App.BHouston [14th Dist.] 1995, writ dism=d w.o.j.). 
Rather, the test is whether joinder of all members is practicable in
view of the size of the class and such factors as judicial economy, the nature
of the action, geographical locations of class members, and the likelihood that
class members would be unable to prosecute individual lawsuits.  Id. 

There is no exact number of class members that is
considered too small to qualify under the numerosity requirement.  In fact, proposed classes of sixty-six
members, see National Gypsum Co. v. Kirbyville Indep. Sch. Dist., 770
S.W.2d 621, 621 (Tex. App.BBeaumont 1989, writ dism'd w.o.j.), twenty members, see
Chevron U.S.A., Inc., 808 S.W.2d at 161, and even seven members have been
certified by courts in the past.  See
Weaver v. Reagen, 701 F. Supp. 717 (W.D. Mo. 1988), aff'd, 886 F.2d
194 (8th Cir. 1989). 

Here, the proposed class consists of twenty-seven
municipalities spread throughout three counties in South Texas.  The three counties are contiguous and cover
almost 4,000 square miles (roughly twice the size of the state of Delaware).  See Sun Coast Res. v. Cooper, 967
S.W.2d 525, 532 (Tex. App.BHouston [1st Dist.] 1998, pet. dism=d w.o.j.) (finding a class of potential plaintiffs
located within 100 miles of a town to be numerous).   The City of Edcouch argued in its motion to
certify the class that repeated litigation of the common issues in twenty-seven
separate actions would be grossly inefficient, costly, and a waste of judicial
resources, and furthermore, that joinder is impracticable in this case because
it is highly improbable that smaller class members would prosecute their
individual claims due to their limited resources. 








We conclude that this evidence suffices to satisfy
the requirements of numerosity, in that the proposed class consists of many
members dispersed throughout a wide geographical region that could not be
effectively joined in a non-class-action setting.  See Weatherly, 905 S.W.2d at 653.  As this Court has previously held, AClass proponents generally are not required to make
an extensive evidentiary showing in support of a motion for class
certification.  The trial court may base
its decision on the pleadings or other material in the record.@  Clements
v. League of United Latin Am. Citizens, 800 S.W.2d 948, 951 (Tex. App.BCorpus Christi 1990, no writ); see also
Graebel/Houston Movers, Inc., 26 S.W.3d at 29;  Spera v. Fleming, Hovenkamp & Grayson,
P.C., 4 S.W.3d 805, 810 (Tex. App.BHouston [14th Dist.] 1999, no pet.).  Here, the record includes the pleadings from
the City of Edcouch, a supplemental brief filed asserting the need for
certification as a class action, and evidence submitted by Magic Valley showing
the various cities involved and the fees assessed to these cities.  Magic Valley also complains in its response
to the City=s motion for class certification that the cost of
properly calculating damages could potentially exceed the total value of any
damages awarded; if this is indeed the case, then certainly having to calculate
damages in twenty-seven separate lawsuits would be even more prohibitively
expensive and a waste of resources.  

We conclude, therefore, that the City has met the Anumerosity@ prong of rule 42(a). 

B.  Typicality

Magic Valley next contends that the City failed to
meet the Atypicality@ requirement of class representatives, and therefore
the trial court erred in granting the motion for class certification.








Rule 42(a) requires the putative class
representative to demonstrate its typicality B  that is, that the claims or defenses of class
representatives are typical of the claims or defenses of the class.  Rainbow Group, Ltd. v. Johnson, 990
S.W.2d 351, 356 (Tex. App.BAustin 1999, pet. dism'd w.o.j.).  To be typical of the class, the named
plaintiff must possess the same interest and suffer the same injury as the rest
of the class.  Weatherly, 905
S.W.2d at 653.  Its claims must arise
from the same event or course of conduct giving rise to the claims of the other
class members and must be based on the same legal theory.  Id. 
The presence of even an arguable defense peculiar to a subset of the
putative class members destroys typicality. 
Id.; see Monsanto Co. v. Davis, 97 S.W.3d 642, 646 (Tex.
App.BWaco 2002, pet. denied).

Magic Valley focuses exclusively on the question of
whether the City could demonstrate that it possessed the same interests as the
other members of the proposed class, given that the City had not produced a
written copy of its contract for services with Magic Valley.  However, as noted in our discussion of
standing, there is no requirement that contracts be written; the cities without
written contracts could nonetheless establish the existence of an oral or
implied contract with Magic Valley at trial, especially considering that the
evidence from Magic Valley itself demonstrates that the cities involved did in
fact all receive payments from Magic Valley which were denominated as franchise
taxes.  Given that the City is alleging
that all cities involved were underpaid for the same reasons, it is clear that
the City and any other cities without written contracts would have sustained
the same type of injury as those cities that had written agreements. 








The City has effectively demonstrated that its
claims are typical of the claims of all class members, and it has the same
interests and has suffered the same injury as the other members of the
class.  The City has therefore satisfied
the typicality element of rule 42(a).   

C. 
Commonality

Magic Valley also disputes that commonality has been
established.  In order to satisfy the Acommonality@ requirement of rule 42(a), a plaintiff must
demonstrate that there are questions of law or fact common to the class.  See Tex.
R. Civ. P. 42(a).  While
the threshold for commonality is not high, it does require at least one issue
of law or fact inhere in the complaints of all class members.  Union Pac. Res. Group v. Hankins, 111
S.W.3d 69, 74 (Tex. 2003).  A common
issue must also be applicable to the class as a whole and be subject to
generalized proof.  See id.  Class certification will not be prevented
merely because damages must be determined separately for each class
member.  Hi‑Lo Auto Supply, L.P.
v. Beresky, 986 S.W.2d 382, 387 (Tex. App.BBeaumont
1999, no pet.). 

Magic Valley contends that common issues do not
predominate over individual issues because damages will have to be determined
individually for each municipality.  It
cites Samuelson v. United Healthcare of Tex., 79 S.W.3d 706, 711-12
(Tex. App.BFort Worth 2002, no pet.), in support of its
argument regarding damages.  However, in Samuelson,
the trial court found a lack of commonality existed because of the following
circumstances:








[A]
class action jury would have to marshal complex evidence applicable to
thousands of physician health care providers and their medical associations,
including many individual physicians who moved between the associations during
the relevant time; . . . it would require an unreasonable  amount of time and expense to assemble the
information needed to determine the liability and damage issues for thousands
of physicians; and . . . because of mergers with different health care
companies in the Dallas/Fort Worth region, appellees would have to search
computer systems with different databases to obtain information on how
physicians have been paid for the last four years.

 

Id.

Here, Magic Valley=s own financial representative, John Cizler, noted
in his deposition testimony that there was a single computer program that
handles all necessary calculations uniformly for all cities served by the
company.  If the City=s claim is certified as a class action and if the
class prevails at trial, Magic Valley would be required to recalculate payments
it had previously made.  As each city has
a uniform two or four percent rate applicable to the total profits made within
its boundaries, and the changes made in Magic Valley=s calculations would be applied equally to all the
cities affected, this does not appear to be a task that would destroy the
commonality of the various cities= claims.  See
Hi‑Lo Auto Supply, 986 S.W.2d at 387. 
The element of commonality has been established.

D.  Adequacy








Magic Valley last asserts that the City has failed
to establish the element of adequacy. This final requirement of rule 42(a)
focuses on the class representative and counsel.  See Tex.
R. Civ. P. 42(a).  The adequacy
requirement consists of two elements: (1) it must appear that the
representatives, through their attorneys, will vigorously prosecute the class
claims; and (2) there must be an absence of antagonism or conflict between the
representative's interests and those of the class members.  Sun Coast Res., 967 S.W.2d at
538.  Factors affecting this
determination include the following:  (1)
counsel's adequacy, (2) potential conflicts of interest, (3) the plaintiff's
personal integrity, (4) the representative's familiarity with the litigation
and his belief in the grievance's legitimacy, (5) whether the class is unmanageable,
based on geographical limitations, and (6) whether the plaintiff can afford to
finance the class action.  See id.;
see also Enron Oil & Gas Co. v. Joffrion, 116 S.W.3d 215, 220 (Tex.
App.BTyler 2003, no pet.). 

Here, Magic Valley does not challenge on appeal the
adequacy of counsel and whether plaintiff can afford to finance the class
action as its representative.  There are
also no challenges to the integrity of the City of Edcouch as plaintiff.  Magic Valley, however, does vigorously
contend that the City is insufficiently familiar with the other class members
and their potential claims to serve as representative of the class, and that
there are insurmountable conflicts of interest between the City and other cities.  

The Edcouch city manager testified that she was
familiar with the litigation, that the suit against Magic Valley had been
approved by the city council, and that she knew of no potential conflicts that
could arise between the City and the other cities involved.  She also testified that she was unaware of
the identity of all the other affected cities. 
She testified that prior to the certification hearing, she had met with
counsel for the City but had not taken any depositions related to this matter.








Magic Valley contends that her ignorance about the
other class members as well as the details of the litigation itself
demonstrates her inadequacy.  We
disagree, as there is no requirement that the representative know in advance
all the members of the class; classes with Aunidentified,@ Apotential,@ or Aabsent@ members have all been certified in previous
cases.  See, e.g., Tana Oil
& Gas Corp. v. Bates, 978 S.W.2d 735, 743-44 (Tex. App.BAustin 1998, no pet.); Sun Coast Res., 967 SW.2d
at 536-37; Glassell v. Ellis, 956 S.W.2d 676, 687 (Tex. App.BTexarkana 1997, pet. dism=d w.o.j.) (Athe class does not have to be so ascertainable that
every potential member can be specifically identified at the commencement of
the action.@). 
Furthermore, as all the potential class members have been identified
through discovery, class counsel is now fully aware of the identity and the
potential claims of the other class members. 
Also, while the representative's knowledge of the litigation is one
factor considered in determining adequacy, see Union Pac. Res. Group, Inc.
v. Hankins, 51 S.W.3d 741, 752 (Tex. 
App.BEl Paso 2001, no pet.), case law requires only a
representative Awho will provide his personal knowledge of the facts
underlying the complaint.@  Forsyth
v. Lake LBJ Inv. Corp., 903 S.W.2d 146, 152 (Tex. App.BAustin 1995, writ dism'd w.o.j.); see also Entex
v. City of Pearland, 990 S.W.2d 904, 916 (Tex. App.BHouston [14th Dist.] 1999, no pet.).  To adequately represent the class, Ait must appear that the representatives, through
their attorneys, will vigorously prosecute the class claims.@  Intratex
Gas. Co. v. Beeson, 960 S.W.2d 389, 398 (Tex. App.BHouston [1st Dist.] 1998), rev'd on other grounds,
22 S.W.3d 398 (Tex. 2000) (emphasis added); see also Weatherly, 905
S.W.2d at 652.  The city manager did
demonstrate her personal knowledge of the facts underlying the City=s complaint when testifying at the certification
hearing, and she also discussed the actions undertaken by class counsel on the
City=s behalf. 
Thus, we conclude that the class representative is sufficiently familiar
with the subject of the litigation to act as representative.








Magic Valley also contends that there are
substantial conflicts between the proposed class members and the City therefore
cannot adequately represent these conflicting interests.  A conflict that goes to the very subject
matter of the litigation will defeat a party's claim of representative
status.  Forsyth, 903 S.W.2d at
151.  Class certification may be denied
if there is a possibility of significant disagreement within the proposed
class.  See id.  However, intra-class conflict must be
actual, not merely speculative.  Farmers
Ins. Exch. v. Leonard, 125 S.W.3d 55, 67 (Tex. App.BAustin 2003, pet. denied);  Employers Cas. Co. v. Tex. Ass'n of Sch.
Bds. Workers' Comp. Self‑Ins. Fund, 886 S.W.2d 470, 476 (Tex. App.BAustin 1994, writ dism'd w.o.j.). 

Magic Valley first argues that there would be a
conflict between those cities with written contracts and those cities without
written contracts.  All cities involved,
however,  can attest to having written,
oral, or implied contracts with Magic Valley, and the company paid the
complained-of franchise fees in the same way to all members of the proposed
class, regardless of whether the contracts were written, oral, or implied.  Magic Valley also argues that the underlying
litigation has no merit, citing an amendment to the utilities code passed in
1999.  See Tex. Util. Code Ann. ' 33.008(b) (Vernon Supp. 2005).  Therefore, according to Magic Valley, some
members of the proposed class will Aobviously@ not wish to participate.   However, it is not for this Court to
consider the relative merits, if any, of the underlying litigation at this
stage, see Intratex Gas Co., 22 S.W.3d at 404, but rather to look for
evidence of actual conflicts of interest between class members.  See Farmers Ins. Exch., 125 S.W.3d at
67.  Beyond its speculation of reluctance
on the part of some of the cities, Magic Valley has not provided such evidence.  

The element of adequacy, in addition to all other
required elements, has been established. 
We accordingly overrule Magic Valley=s
issue regarding the requirements of rule 42(a). 


IV.  Rule
42(b)








By its third issue on appeal, Magic Valley argues
that the trial court erred in holding that the City had satisfied rule
42(b)(3), which requires that common issues of law or fact predominate over
questions affecting individual members of the class and that a class action be
the superior method of adjudication.  See
Tex. R. App. P. 42(b)(3).

The purpose of the predominance requirement is to
prevent class action litigation when the sheer complexity and diversity of the
individual issues would overwhelm or confuse a jury or severely compromise a
party's ability to present viable claims or defenses.  See Bernal, 22 S.W.3d at 434. When
addressing predominance, the court should specifically look to whether common
or individual issues will be the object of most of the efforts of the litigants
and the court.  BMG Direct Mktg. v.
Peake, No. 03‑0547, 2005 Tex. LEXIS 846, at *38-39 (Tex. Nov. 18,
2005).  Importantly, courts must identify
the substantive issues that will control the litigation in order to discern
which issues will predominate.  Id.
at *39.     








On appeal, Magic Valley focuses, as it did with
regard to the issue of commonality, on the problems related to the calculation
of damages.  However, predominance is
intended to focus on the individuality of substantive issues; here, there is a
single substantive question that must be addressed by the court (i.e., whether
Magic Valley miscalculated the municipal franchise fee by failing to take into
consideration all fees that account for gross revenues).  Should the class prevail at trial, each city
included in the proposed class would receive a different amount of damages, as
each city has a different number of Magic Valley users; however, the underlying
issue would be resolved in exactly the same way for each class member.  Thus, despite the likelihood of differing
amounts of damages ultimately awarded to each city should the class prevail,
the issue of predominance is nonetheless satisfied.

The rule 42(b)(3) element of superiority requires
that a class action be superior to other available methods for the fair and
efficient adjudication of the controversy. 
See Tex. R. Civ. P.
42(b)(3); Henry Schein, Inc., 102 S.W.3d at 699.  Here, the only alternative suggested by Magic
Valley in lieu of certification of the class action is joinder of all
plaintiffs.  However, the inadequacies of
joinder in this instance have already been discussed.  In this case, the individual class members
will avoid duplication of their efforts and costs in retaining counsel and
conducting discovery, as well as the management difficulties that could arise
through joinder of so many separate sovereign entities.  Furthermore, repeated litigation of the same
issue in twenty-seven separate actions would be grossly inefficient, costly,
and a waste of judicial resources, and the costs of litigation could deter the
smaller class members from attempting to prosecute their individual claims due
to their limited economic resources.

We overrule Magic Valley=s third issue on appeal.

V.  Conclusion

We affirm the judgment of the trial court.

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Dissenting
Memorandum Opinion by Justice Errlinda Castillo.

 

Memorandum
Opinion delivered and filed

this
23rd day of March, 2006.