**AFFIRM; and Opinion Filed April 28, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00550-CV

**TIMOTHY BROOKS, Appellant**
**V.**
**WELLS FARGO BANK, N.A., Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-13646**

## MEMORANDUM OPINION

Before Justices Bridges, Evans, and Schenck
Opinion by Justice Schenck

Appellant Timothy Brooks ("Brooks") appeals the trial court's order granting summary judgment in favor of appellee Wells Fargo Bank, N.A. ("Wells Fargo") in a suit Brooks initiated to quiet title to certain real property (the "Property"). Brooks contends the judgment must be reversed because: (1) the order of dismissal is broader than the relief requested by Wells Fargo's motion; (2) Wells Fargo failed to support its motion with admissible evidence; (3) a fact issue exists; and (4) Wells Fargo cannot establish it has superior title to the Property. We affirm the trial court's judgment. *See* TEX. R. APP. P. 43.2(c). Because all issues are settled in law, we issue this memorandum opinion. *Id.* 47.4.

## BACKGROUND

The record before this Court establishes the following. At one time, Brooks' parents co-owned the Property. Brooks' father died in 1974, at which point, Brooks' mother became the sole owner of the Property. On January 15, 1983, Brooks' mother conveyed the Property to Brooks. The public records include the filing on July 26, 1989, of a quitclaim deed by which Brooks conveyed all of his right, title, and interest in and to the Property back to his mother. That deed bears a notary acknowledgement on July 12, 1989, and a signature date of July 15, 1983.

On February 22, 2000, Brooks' mother obtained a home–equity loan on the Property from New Century Mortgage by which she granted it a security interest in the Property and the power to sell the Property following a default on the loan. In 2003, she defaulted on the loan, and the Property was sold at foreclosure to T.R. Taylor, Inc.

On July 29, 2004, T.R. Taylor, Inc. sold the Property to Allen R. Sheffield. In connection with the sale, Sheffield executed a deed of trust, which granted Summit Mortgage Corporation a security interest in the Property. The deed of trust included the power to sell the Property following a default on the loan.

Thereafter, Brooks filed an eviction action against Sheffield and obtained a judgment from the justice court on November 14, 2005, awarding him possession of the Property as against Sheffield. On July 26, 2006, Brooks obtained a home–equity loan from Beneficial Texas, Inc., which was purported to be secured by a lien on the Property.

Sheffield defaulted on his 2004 loan with Summit Mortgage Corporation, which had subsequently been transferred and assigned to Washington Mutual Bank ("WAMU"), and WAMU purchased the Property at a foreclosure sale on November 7, 2006. Thereafter, WAMU filed a forcible entry and detainer action against Sheffield and all other occupants of the

Property, and obtained a judgment on February 19, 2007, awarding it possession of the Property. Brooks appealed that decision to the county court at law. On October 18, 2007, WAMU filed a separate suit against Brooks in the district court. Both the county court at law and the district court cases were stayed pending the resolution of the other. On December 5, 2012, the district court dismissed WAMU's case against Brooks having concluded WAMU no longer existed due to the Federal Deposit Insurance Corporation's ("FDIC") take-over of its assets. The record does not show the status or disposition of Brooks' appeal of the judgment in favor of WAMU to the county court at law.

On September 25, 2014, the FDIC, as receiver for WAMU, assigned Sheffield's deed of trust to Wells Fargo. And on October 13, 2014, JP Morgan Chase Bank, as attorney-in-fact for the FDIC, conveyed the Property to Wells Fargo.

Wells Fargo then filed a forcible entry and detainer action against both Sheffield and Brooks. The justice court entered judgment in favor of Sheffield and Brooks, which was later reversed on appeal by the county court at law. Brooks appealed the county court at law's decision to this Court. That appeal is currently pending before this Court. *See Brooks v. Wells Fargo Bank, N.A.*, No. 05-16-00616-CV.

On November 21, 2014, Brooks, as a pro se plaintiff, sued Wells Fargo to quiet title to the Property. Wells Fargo answered generally denying Brooks' allegations and asserting various defenses, including limitations. On January 7, 2016, Wells Fargo moved for summary judgment on no-evidence and traditional grounds. In support of its no-evidence motion for summary judgment, Wells Fargo asserted there is no evidence of Brooks' ownership interest in the Property, and no evidence that Wells Fargo's title to the Property is invalid or unenforceable. As grounds for traditional summary judgment, Wells Fargo asserted: (1) Brooks' quiet title suit is time-barred; (2) Brooks cannot demonstrate an ownership interest in the Property because the

documents upon which he relies do not establish that Brooks has an ownership interest in the Property; and (3) Wells Fargo has superior title to the Property.

On March 14, 2016, the trial court granted Wells Fargo's motion without specifying its reasons for doing so, and ordered "that all of the claims that Plaintiff Timothy Brooks ("Plaintiff") asserted or could have asserted against Defendant Wells Fargo Bank, N.A. in the above-referenced lawsuit are DISMISSED WITH PREJUDICE." Brooks filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## DISCUSSION

We address Brooks' challenges to the trial court's decision to grant summary judgment before we address Brooks' challenge to the portion of the order dismissing all claims Brooks could have asserted against Wells Fargo.

I.      Admissibility of Wells Fargo's Summary Judgment Evidence

In his second issue, Brooks contends the trial court committed reversible error by granting summary judgment because Wells Fargo did not support the motion with an affidavit as to the veracity and truthfulness of its evidence. In essence, Brooks asserts that all of Wells Fargo's evidence was inadmissible, and thus, cannot support a summary judgment. Affidavits are just one form of evidence that is admissible to support a motion for summary judgment. A defendant may move with or without supporting affidavits for a summary judgment in his favor. TEX. R. CIV. P. 166a(b).

Rather than support its motion for summary judgment with an affidavit, Wells Fargo submitted certified copies of public records concerning the Property.[1] Under the rules of evidence, certified copies of public records are self-authenticating and do not require extrinsic

---

[1] We note that Wells Fargo included a copy of its forcible entry and detainer petition against Sheffield and all other occupants that is not certified. This document is not pivotal to the summary judgment.

–4–

evidence of authenticity, such as an affidavit, in order to be admitted. TEX. R. EVID. 902(4). Public records, such as those offered by Wells Fargo, are excepted from the rule against hearsay. TEX. R. EVID. 803(8). Accordingly, we resolve Brooks' second issue against him.

## II.     Summary Judgment

In his third and fourth issues, Brooks challenges the summary judgment, claiming a question of fact exists and Wells Fargo cannot show superior title to the Property. Wells Fargo filed both traditional and no-evidence motions for summary judgment. When a party files both grounds for summary judgment, we must uphold the summary judgment if it can be sustained under either method. *Ketter v. ESC Med. Sys., Inc.*, 169 S.W.3d 791, 799 n.3 (Tex. App.—Dallas 2005, no pet.). Although when both no-evidence and traditional summary judgment motions are filed we usually address the no-evidence motion first, *see Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004), here we will review the propriety of granting the traditional summary judgment first because it is dispositive. *See* TEX. R. APP. P. 47.1.

We review a trial court's granting of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A traditional summary judgment motion may be granted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *Tex. Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 252 (Tex. 2002). "A defendant who conclusively negates at least one of the essential elements of the plaintiff's cause of action is entitled to summary judgment." *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004) (citing *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). In a suit to quiet title, the plaintiff must show: (1) that he has a right of ownership; and (2) that the adverse claimant has an invalid claim to the property. *Wilner v. Deutsche Bank Nat. Trust Co.*, No. 02-11-00287-CV, 2012 WL 6632508, at *3 (Tex. App.—Fort Worth Dec. 21, 2012, no pet.)(mem. op.). We must now

determine whether Wells Fargo conclusively negated either Brooks' right to ownership of the Property, or any assertion that its claim of ownership is invalid.

In support of its traditional motion for summary judgment, Wells Fargo submitted certified copies of: (1) the warranty deed conveying the Property to Brooks; (2) the quitclaim deed conveying any right, title, and interest Brooks had in the Property back to Brooks' mother; (3) the home equity security instrument executed by Brooks' mother; (4) the corrected substitute trustee's deed conveying the Property to T.R. Taylor, Inc.; (5) the warranty deed from T.R. Taylor, Inc. to Sheffield; (6) the deed of trust executed by Sheffield in connection with his purchase of the Property; (7) the justice court's judgment awarding Brooks possession of the Property; (8) the mortgage executed by Brooks after he obtained the judgment of possession; (9) the substituted trustee's deed conveying the Property to WAMU; (10) the justice Court's judgment awarding WAMU possession of the Property; (11) the appeal bond Brooks filed to appeal the justice court's decision; (12) the register of actions for the appeal of the justice court's judgment in favor of WAMU to the county court at law; (13) the docket sheet for the suit WAMU filed against Brooks in the district court; (14) the corporate assignment of deed of trust conveying the deed of trust executed by Sheffield in favor of Summit Mortgage Corporation, that was subsequently transferred and assigned to WAMU, to Wells Fargo; and (15) the warranty deed conveying the Property to Wells Fargo. In addition, Wells Fargo submitted an uncertified copy of the forcible detainer petition it filed against Sheffield and all other occupants.

In response to Wells Fargo's no-evidence and traditional summary judgment motions, Brooks submitted: (1) the warranty deed from his mother; (2) the justice court's judgment awarding him possession of the Property as against Sheffield; (3) the mortgage he executed after obtaining the judgment for possession, along with a voluntary designation of homestead, and an affidavit and agreement; (4) a report from TETRS, LLC to his lender concerning the Property;

(5) the order closing the district court case WAMU filed against Brooks; (6) the county court at law's order abating Brooks' appeal of the justice court's judgment in favor of WAMU; (7) the order dismissing WAMU's district court case for want of jurisdiction due to the FDIC's seizure of its assets; (8) the memorandum opinion and order of the United States District Court, Dallas Division, remanding the case to the trial court after Wells Fargo removed the case to federal court; (9) a motion for dismissal without prejudice of a justice court eviction case WAMU, its successors and assigns, maintained against Sheffield and the occupants; and (10) the district court's order sustaining Wells Fargo's plea to the jurisdiction in this case.

To establish Brooks does not have an ownership interest in the Property, Wells Fargo presented and relied on a certified copy of the quitclaim deed whereby Brooks conveyed any right, title, and interest he had in the Property to his mother. In response, Brooks asserted the quitclaim deed did not transfer any interest he had in the Property because the deed shows fraudulent actions and does not contain a warranty of title. On appeal, Brooks asserts because the quitclaim deed contains a signature date of July 15, 1983, and a notary acknowledgement date of July 12, 1989, a fact issue exists as to whether the quitclaim deed was forged, precluding a grant of summary judgment in favor of Wells Fargo. We disagree. There is no requirement that the signature date and the acknowledgement dates be the same. TEX. CIV. PRAC. & REM. CODE ANN. § 121.008 (West Supp. 2016). Instead, the document must be acknowledged or sworn to before and certified by an officer authorized to take acknowledgements or oaths before it can be recorded in the public records. *See* TEX. PROP. CODE ANN. § 12.001(b) (West 2014). The acknowledgment on the quitclaim deed does not say Brooks signed the deed before the notary on the date of acknowledgement, rather it says: "This day appeared Timothy Wayne Brooks. This Instrument was acknowledged before me on the 12th day of July, 1989." The quitclaim deed was filed in the property records on July 26, 1989, and was acknowledged to

prior to the recording. Thus, the deed complied with the statutory requirements for recordation. The difference in the signature and the acknowledgement dates does not create a fact issue as to whether the signature was forged, and Brooks did not present an affidavit or any other evidence to raise a fact issue as to the validity of the signature on the quitclaim deed.

As to Brooks' assertion that quitclaim deed is not operative because it does not contain a warranty of title, the very essence of a quitclaim deed is the conveyance of the grantor's rights in that property, if any, without professing that such title is valid, nor containing any warranty or covenants for title. *Geodyne Energy Income v. Newton Corp.,* 161 S.W.3d 482, 486 (Tex. 2005); *Apex Fin. Corp. v. Garza,* 155 S.W.3d 230, 236 (Tex. App.—Dallas 2004, pet. denied). The supreme court has long recognized the validity of quitclaim deeds. *Geodyne*, 161 S.W.3d at 486. Thus, the fact that a quitclaim deed does not contain a warranty of title does not invalidate the conveyance of any and all interest the grantor has in the property.

The justice court's judgment awarding Brooks possession of the Property and ordering Sheffield and all other occupants to vacate the Property does not establish title to the Property. In fact, a justice court is expressly denied jurisdiction to determine or adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4) (West Supp. 2015); *Rice v. Pinney,* 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.). A forcible detainer only addresses who, as between the parties appearing, has the superior right to possess the property, not who has title to it. *Rice*, 51 S.W.3d at 708. A right to possession of property is not synonymous with fee ownership of property. An owner is "one who has the legal or rightful title" regardless of whether the person is also in possession. *Bennett–Barnes Invs. Co. v. Brown Cnty. Appraisal Dist.*, 696 S.W.2d 208, 209 (Tex. App.—Eastland 1985, writ ref'd n.r.e.) (citing Webster's New International Dictionary of the English Language 1745 (unabridged 2nd ed. 1950)).

As this Court recognized in *Rice*, the two concepts are distinct: "the right to immediate possession [can] be determined separately from the right to title," and "the legislature contemplated concurrent actions in the district and justice courts to resolve issues of title and immediate possession, respectively." *Rice*, 51 S.W.3d at 710. An adjudication of a right of possession of the Property is no evidence of title to the Property. Thus, the justice court's judgment in favor of Brooks does not create a fact issue as to the ownership of the Property.

Likewise, the home–equity mortgage and the affidavit and agreement Brooks executed in connection with the loan he obtained from Beneficial Texas, Inc. do not establish Brooks has title to the Property. They merely establish Brooks obtained a loan from Beneficial Texas, Inc. and, in the process of doing so, purported to encumber the Property with a lien. Brooks' voluntary designation of homestead, the home–equity mortgage, and the affidavit and agreement were executed on the same day and they were all to be returned to TETRS, LLC after recording. Thus, Brooks executed the voluntary designation of homestead as part of the loan process as required by the lender. It is no evidence of his actual ownership of the Property. *See, e.g., Radford v. Hill*, 185 S.W.2d 129, 131 (Tex. Civ. App.—Dallas 1944, writ ref's w.o.m.) (self-serving declarations of ownership are not proof of title).

The TETRS, LLC Report for Brooks' lender, Beneficial Texas, Inc., does not create a fact issue as to the ownership of the Property because the basis for its purported conclusion that Brooks holds title to the Property is fatally flawed—it lists Sheffield as grantor and relies on the justice court's judgment awarding Brooks possession, not ownership, of the Property. Because the justice court cannot adjudicate title as a matter of law, the basis for the TETRS, LLC Report—the justice court's judgment—is no evidence of title. Indeed, the TETRS, LLC Report contains the following disclaimer of any opinion of title:

CAUTION TO CUSTOMER:

–9–

THIS REPORT IS CONFIDENTIAL AND MAY NOT BE RELEASED TO THE BORROWER OR ANY OTHER THIRD PARTY. IT MAY BE USED FOR LENDING PURPOSES ONLY . . . . THIS IS NOT A COLLECTION OR FORECLOSURE REPORT, ABSTRACT OR OPINION OF TITLE, TITLE BINDER, COMMITMENT, GUARANTY, OR POLICY . . . .

The remaining pleadings and orders cited by Brooks, including the district court's orders closing and dismissing the case WAMU filed against Brooks, the county court at law's order abating Brooks' appeal of the justice court's judgment in favor of WAMU, the memorandum opinion of the United States District Court, remanding the case to the trial court after WAMU removed the case to federal court, and the voluntary motion to dismiss the forcible detain case maintained by WAMU, and its successors and assigns, against Sheffield and the occupant of the Property, suffer from the same deficiency—none reflect a ruling or disposition of title.[2]

Because the quitclaim deed divested Brooks of any ownership interest in the Property, and none of the summary judgment evidence presented created a fact issue as to his ownership post conveyance to his mother, Wells Fargo conclusively established Brooks does not have an ownership interest in the Property. Having conclusively established Brooks does not have title to the Property, Wells Fargo negated one of the elements of Brooks' claim and was entitled to summary judgment. Accordingly, we overrule Brooks' third issue.

In his fourth issue, Brooks argues the trial court erred in granting summary judgment to Wells Fargo when Wells Fargo cannot show superior title. But all that was before the court in this suit was Brooks' quiet title claim. Having negated one of the elements of Brooks' claim, Wells Fargo was not required to demonstrate it holds superior title to the Property in order to obtain summary judgment. Nevertheless, Wells Fargo established it holds a valid interest in the

---

[2] The justice court's judgment awarding Brooks possession of the Property as against Wells Fargo, in addition to not being an adjudication of title, was reversed by the county court at law, and is currently pending before this Court on appeal. Because that proceeding concerns possession, not title, that case will not adjudicate title to the Property and does not impact whether Wells Fargo was entitled to summary judgment.

Property through competent evidence of the succession of title from Brooks' mother to T.R. Taylor, Inc., via foreclosure sale, to Sheffield, via sale by T.R. Taylor, Inc., to WAMU, via foreclosure, to Wells Fargo, by sale following the FDIC's seizure of WAMU's assets.

For the first time on appeal, Brooks claims that the security instrument executed by his mother, which allowed her lender to foreclose on the Property and transfer title to T.R. Taylor, Inc., was "not even signed by the party taking out the alleged loan." Notwithstanding the fact that Brooks failed to preserve this argument for appeal, it is not supported by the record. The security instrument bears the name of Brooks' mother and contains a signature for her that is properly notarized. We overrule Brooks' fourth issue.

III.     Summary Judgment Order

In his first issue, Brooks contends the trial court committed reversible error by granting summary judgment as to all claims that Brooks "could have asserted" against Wells Fargo in the lawsuit when Wells Fargo only asked for summary judgment on Brooks' quiet title claim. Brooks argues that by dismissing such claims, the trial court has in effect granted Wells Fargo summary judgment on an affirmative defense—res judicata—that was not pleaded or addressed in Wells Fargo's summary judgment motion. Res judicata is an affirmative defense. TEX. R. CIV. P. 94; *Williams v. Nat'l Mortg. Co.*, 903 S.W.2d 398, 401 (Tex. App.—Dallas 1995, writ denied). Res judicata bars a party from litigating matters in a later lawsuit that it could have raised, but did not raise, in a previous lawsuit. *Id.* at 402. While Wells Fargo did not plead res judicata as an affirmative defense, the judgment necessarily acts as a bar to matters which could have been litigated in the suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 629 n.1 (Tex. 1992). As a result, assuming without deciding the trial court erred in including language dismissing claims that Brooks could have asserted in this suit, the error was harmless. TEX. R. APP. P. 44.1. We overrule appellant's first issue.

## MOTION

Related to this appeal, after this case was submitted to the panel, Brooks filed a Motion for Clarification of this Court's Order denying his Motion for Leave to File Corrected and Supplemental Brief. Brooks filed his motion for leave six days before the case was submitted to the panel and more than two months after he was notified of the submission date. His motion for clarification was deferred to the submission panel, and we now deny it as moot.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


160550F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TIMOTHY BROOKS, Appellant

No. 05-16-00550-CV       V.

WELLS FARGO BANK, N.A., Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-13646.
Opinion delivered by Justice Schenck.
Justices Bridges and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee WELLS FARGO BANK, N.A. recover its costs of this appeal from appellant TIMOTHY BROOKS.

Judgment entered this 28th day of April, 2017.